IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-00014 |
| | ) | |
| -vs- | ) | MOTION TO DISMISS |
| | ) | INDICTMENT PURSUANT |
| Donald Dale Miller, | ) | TO PRA VIOLATIONS |
| | ) | |
| Defendant, | ) | |

Comes Now Defendant, Donald Dale Miller, and for his Motion to Dismiss the Indictment pursuant to violations of the Paperwork Reduction Act of 1995, states as follows:

1. Counts One through Five allege that the Defendant, Donald Dale Miller, was "required by law,... to make an income tax return. The Counts fail to allege what type of return was required to be made, and there is no clear statement from the Grand Jury about what type of return was disclosed to that body as being the return required to be made.

2. However, it is assumed for purposes of this motion, that the Indictment meant the Form 1040 U.S. Individual Income Tax Return. If that form was not the form intended, then the Indictment is sufficiently deficient to warrant dismissal for lack of specificity. If the Form 1040 was the intended form, that form is in violation

-1-

of the Paperwork Reduction Act of 1995, justifying dismissal of the Indictment since an individual is not required, and cannot be penalized, for failure to comply with a form in violation of the PRA. That violation is disclosed as follows:

Is the U.S. Individual Income Tax 1040 form a valid request. That question or statement has arisen numerous times over the past few years, the results of which are equally mixed and confusing. Does the Paperwork Reduction Act of 1995 (PRA) apply to the 1040 form, and if so, does the form comply with the PRA. If the form does not comply with the PRA, is a person required to respond to the 1040 form, or can the form be ignored without penalty against the person.

These questions begin with the Paperwork Reduction Act of 1995, 44 U.S.C. Sec. 3501, *et seq.*, and specifically 44 U.S.C. Sec. 3506, 3507 and 3512. The first two sections set requirements that must be included in the application and certification of the form submitted by the officer for the agency in order to obtain a current, valid OMB number, which requirements are not contained on the form, and the third section is the protection to the recipient of or respondent to the form, if the form does not contain a valid OMB number.

Several 10th Circuit decisions have dealt with different facets of the issue. In *Pond v. CIR*, 211 Fed. Appx. 749, WL 18928 (10th Cir. 2007) and *U.S. v. Chisum*, 502 F.3d 1237 (10th Cir.2007) each held no person shall be subject to any penalty

involving a Form 1040 for any specific year if the Form "**does not display a valid control number**" or "**the agency fails to alert the person that he or she 'is not required to respond to the collection of information unless it displays a valid control number.' 44 U.S.C. § 3512(a)**." (Emphasis added) [Pond describes this "alert" as "proper notice that a person is not required to respond unless a valid control number is displayed]

The 10th Circuit, in *Pond v. CIR*, 211Fed. Appx. 749, WL 18928 (10th Cir. 2007), an unpublished decision, held:

> Pond suggests that he cannot be penalized for failing to file the 1040, because the 1040 is a collection of information covered by the Paperwork Reduction Act. He contends the 1040 bears neither of the items required by the Act: 1) a valid control number assigned by the Office of Management and Budget (OMB), or 2) proper notice that a person is not required to respond unless a valid control number is displayed. The Tax Court found Pond's arguments frivolous, addressed neither argument, and threatened him with future sanctions for bringing similarly frivolous arguments in subsequent proceedings **The Supreme Court, however, has made clear that tax forms such as the 1040 are information collection requests within the meaning of the Act**. *Dole v. United Steelworkers of America*, 494 U.S. 26, 33 (1990) ("Typical information collection requests include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records. These information requests share at least one characteristic: The information requested is provided to a federal agency, either directly or indirectly.") (internal citations omitted); *see United States v. Collins*, 920 F.2d 619, 630 n.12 (10th Cir. 1990). Therefore, we need to ask whether the 1040 is excepted from the two requirements set out above in 44 U.S.C. § 35122 and, if not, whether the 1040 complies with those requirements. But Pond did not

include any of the 1040 Forms.  (Emphasis added).

On September 25, 2007, the 10th Circuit published their decision in *U.S. v. Chisum*, 502 F.3d 1237 (10th Cir.2007) which under *Anders v. California*, 386 U.S. 738 (1967) held:

"C. The Paperwork Reduction Act (PRA)

The PRA, 44 U.S.C. § 3501-20, **precludes the imposition of any penalty against a person for "failing to comply with a collection of information" if either (1) it "does not display a valid control number" or (2) the agency fails to alert the person that he or she "is not required to respond to the collection of information unless it displays a valid control number." 44 U.S.C. § 3512(a). A § 3512(a) defense may be raised at any time. See id. § 3512(b). Tax forms are covered by the PRA. See Dole v. United Steelworkers of Am., 494 U.S. 26, 33 (1990).**
Mr. Chisum contends that "[s]ince there was no proof that Form 1040 was a lawful form under the [PRA], the trial court erred in failing to grant [his] request [at the sentencing hearing] to dismiss the indictment." Aplt. Br. at 29. **But the PRA protects a person only "for failing to file information**. It does not protect one who files information which is false." Collins, 920 F.2d at 630 n.13 (internal quotation marks omitted). The charges against Mr. Chisum were predicated on the filing of false information, not the failure to file. He is therefore not entitled to relief." (Emphasis added).

In *Lewis v.CIR.*, 523 F.3d 1272, 1277 (10th Cir. 2008)(10th Cir. April 29, 2008), the 10th Circuit suggested that "the PRA and the Tenth Circuit precedent discussing the PRA do not support any viable claims against the imposition of tax liability."

The 10th Circuit once again addressed whether the PRA applies to a Form 1040. On numerous occasions, Courts have held that the PRA does not apply for a host of different, and often conflicting, reasons. The *Lewis* decision is in clear opposition to those other courts on this issue. The *Lewis* decision addressed 3 issues related to the 1040 Form for 2003. (1) "the 1040 has displayed the same, worn-out, OMB number since January, 1981, OMB #1545-0074 . . . [s]ince the number is to expire three [] years after it is issued, the number 1545-0074 would have expired after its usage in 1983," (2) Form 1040 "does not display any appropriate expiration date," and (3) Form 1040 does not include disclosure information as required by the PRA.

In response to these three issues, as the 10th Circuit in *Pond v. CIR*, 211 F. App'x 749 (10th Cir. 2007) and *U.S. v Chisum*, 502 F.3d 1237 (10th Cir. 2007) addressed, the *Lewis* Court declared Lewis correctly highlights how the PRA applies to tax forms, such as Form 1040. Lewis conceded the Form 1040 displays an OMB control number, and he did not challenge the IRS instruction booklet which accompanies the Form 1040. Lewis failed to point out, however, any evidence the OMB control number had expired. *Id.* The 10th Circuit held that "the current version of the PRA does not require any expiration date to be printed on Form 1040."[1] *Lewis*

---

[1] One fact that is missing is the fact neither the Form 1040 nor the non-accompanied "instruction booklet" contain any "indication" the "collection" Form 1040s for 2000 - 2006 are in accordance with the clearance requirements of 3507.

*v.CIR.*, 523 F.3d 1272, 1277 (10th Cir. 2008)

Finally, Lewis argued the Form 1040 must display not only an OMB control number, with expiration date, but also a disclaimer satisfying the requirements of the PRA which describe a citizen's liability protection under the Act. *See* §3506(c)(1)(B)(iii). "This argument is also faulty. As the statute plainly states, the PRA does not expressly require each form requesting information to include the disclaimer language of § 3506(c)(1)(B)(iii) on the form itself." Lewis at 10.

Rather, the *Lewis* Panel stated "the agency must satisfy" the disclosure requirement:

> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if—
> (1) *the collection of information* does not display a valid control number assigned by the Director in accordance with this subchapter; or
> (2) *the agency* fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.44 U.S.C. § 3512(a) (emphasis added).

Id.

"The IRS, an agency, satisfies this obligation by making these disclosures in the instruction booklet associated with Form 1040. We reject Lewis's argument that Form 1040 itself, not the associated instructions, must display PRA disclosure information." Id.

In *Pond,* the 10th Circuit said it could not reach Pond's PRA claims because the

Forms were not in the record. In *Chisum*, the 10th Circuit said the PRA applies only to failing to file information and not filing information which is false. In *Lewis*, there were no "instruction manuals" or "instruction booklets"[2] identified by the 10th Circuit, in the record, yet the Lewis Court went beyond the record of the Tax Court to attempt to silence the issue, forcing individuals to dig deeper, which resulted in the development of the issues in this motion and brief.

Defendant is charged with 5 counts of Willful Failure to File, exactly what is discussed in *Chisum*. *Chisum* simply held that the PRA could not be raised to charges of filing false collections of information. *Lewis* then attempted to eliminate the defense re-stated by *Chisum*, by stating that the 1040 form itself was deficient, but that the Form 1040 collection of information saved the 1040 form. The question is, which, if any, is the right reading of the law.

P.L. 104-13(1995), pg. 206-207 USCCAN- 1Congress explained the difference between the 1980 and 1995 mandated requirements to be displayed on each request for information, on each "collection of information":

> "Section 3506(c) mandates a detailed information collection evaluation procedure requiring each agency to establish a process within the office

---

[2]What is certain, as disclosed by the IRS website, www.IRS.gov is the fact that the Instruction Booklets state quite clearly that "NOTE: *This booklet does not contain any tax forms.*" No 1040 has been included in an instruction booklet, and no instructions appear on the 1040, since at least the passage of the Paperwork Reduction Act of 1995.

designated under subsection (a), independent of program responsibility, to evaluate proposed collections. This office must: Review a collection of information before it is submitted to OMB for review, that includes making an independent evaluation of its need; preparing a description of it, a collection plan, and a burden estimate; pilot testing the collection, if appropriate; and developing a plan for the management and use of the information to be collected; **Ensure that information collections are inventoried, display a control number and, when appropriate, an expiration date; indicate the collection is in accordance with the Act; and CONTAIN a statement informing the person being asked why the information is being collected, its use, its burden, and whether responses are voluntary, required to obtain a benefit, or mandatory**. <u>This requirement is transposed from current law (section 3504(c)(3))</u> to make it more clearly an agency responsibility, rather than a duty of OMB. Note that this requirement must also be certified to by each agency (see section 3506(c)(3)(F); and Assess the information collection burden of proposed legislatio affecting the agency." (Emphasis added).

44 U.S.C. section 3506(c)(1)(B)(1995) provides:

(i) inventoried, displays a control number and, if appropriate, an expiration date;
(ii) **indicate the collection is in accordance with the clearance requirements of section 3507**; (Emphasis added) and;
(iii) informs the person receiving the collection of information of;

(I) the reasons the information is being collected;
(II) the way such information is to be used;
(III) an estimate, to the extent practicable, of the burden of the collection;
(IV) whether the responses to the
collection of information are voluntary, required to obtain a benefit, or mandatory; and
(V) the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number.

These same provisions are included in the Code of Federal Regulations. 5 C.F.R. 1320, *et seq.*, describes and details all that is required for approval of a form, and the notices that the form must provide to the recipient of or respondent to the form. 5 C.F.R. Sec. 1320.1, the purpose states that the regulations are to implement the PRA of 1995. The Director shall promulgate the rules, regulations and procedures necessary for implementation. (5 C.F.R. Sec. 1320.1) The PRA and the regulations apply to all agencies except the General Accounting Office and the Federal Election Commission (5 C.F.R. Sec. 1320.3). Pursuant to the definition section, obtaining or collecting information and attempting to conduct an information collection are defined, and would include a tax form. [5 C.F.R. Sec. 1320.3(c)] and (5 C.F.R. Sec. 1320.3d). The definition of collection of information is found at 5 C.F.R. Sec. 1320.3(c). This definition is lengthy and contains numerous examples, however, separate instructions that may apply to a collection of information are not included in the definition of collection of information.

5 C.F.R. Sec. 1320.5(a), in pertinent part, makes clear that "[a]n agency shall not conduct or sponsor a collection of information unless, in advance of the adoption or revision of the collection of information–

    (1) The agency has–
    (i) Conducted the review required in Sec. 1320.8; ...,
    (iii) Submitted to the Director, in accordance with such

procedures and in such form as OMB may specify,
 (A) The certification required under Section 1320.9,
 (B) The proposed collection of information in accordance with Sec. 1320.10, Sec. 1320.11, or Sec. 1320.12, as appropriate,
 (C) An explanation for the decision that it would not be appropriate, under Sec. 1320.8(b)(1), for a proposed collection of information to display an expiration date;..."

Further, 5 C.F.R. Sec. 1320.5(b), states, "[i]n addition to the requirements in paragraph (a) of this section, an agency shall not conduct or sponsor a collection of information unless:

 (1) The collection of information displays a currently valid OMB control number; and,
 (2)(ii) The agency informs the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number, ...".

5 C.F.R. Sec. 1320.6(a) is the public protection regulation. It states, "[n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this part if:

 (1) The collection of information does not display, in accordance with Sec. 1320.3(f) and Sec. 1320.5(b)(1), a currently valid OMB control number assigned by the Director in accordance with the Act; or
 (2) The agency fails to inform the potential person who is to respond to the collection of information, in accordance with Sec. 1320(b)(2), that such person is note required to respond to the collection

of information unless is displays a currently valid OMB control number.

 (b) The protection provided by paragraph (a) of this section may be raised in the form of a complete defense, bar, or otherwise to the imposition of such penalty at any time during the agency administrative process in which such penalty may be imposed or in any judicial action applicable thereto.

5 C.F.R. Sec. 1320.8 describes the Agency's collection of information responsibilities and obligations. 5 C.F.R. Sec. 1320.8(b) states that "[s]uch office shall ensure that each collection of information:

 (1) Is inventoried, displays a currently valid OMB control number, and, if appropriate, an expiration date;
 (2) Is reviewed by OMB in accordance with the clearance requirements of 44 U.S.C. Sec. 3507; and
 (3) Informs and provides reasonable notice to the potential persons to whom the collection of information is addressed of--
  (i) the reasons the information is planned to be and/or has been collected;
  (ii) the way such information is planned to be and/or has been used to further the proper performance of the functions of the agency;
  (iii) an estimate, to the extent practicable, of the burden of the collection, ...;
  (iv) whether the responses to the collection of information are voluntary, required to obtain a benefit, (citing authority) or mandatory (citing authority);

  (v) the nature and extent of confidentiality to be provided, if any (citing authority); and,
  (vi) the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number.

The place where this information shall be included is described in

1320.8(c)(1)(i). That information must be included in the form, unless an instruction to the form is attached to, and part of the form[3]. Such is not the case for the Form 1040. In fact, the Form 1040 does not refer to the instruction booklet at all, but merely states, "For Privacy Act and Paperwork Reduction Act Notices, See page 7, (for the 1996 Form 1040)[4]. No such page exists on the 1996 Form 1040.

Finally, the Agency (IRS) must provide a certification that all of the above have been met, or if not met, why it was not possible to meet all of the above requirements. 5 C.F.R. Sec. 1320.9, states in pertinent part as follows:

> As part of the agency submission to OMB of a proposed collection of information, the agency (through the head of the agency, the Senior Official, or their designee) shall certify (and provide a record supporting such certification) that hte proposed collection of information–
> (g) Informs potential respondents of the information called for under Sec. 1320.8(b)(3)...

An 83-I application and certification, which can be found at www.whitehouse.gov/omb has the following information contained on the form:

> Section 19. Certification for Paperwork Reduction Act Submissions
> On behalf of this Federal agency, I certify that the collection of

---

[3] Examples of such an included instruction can be found on the IRS website, www.IRS.gov with the W-4, and its included instruction.

[4] See page 38 (for the 1997 Form 1040), See page 51, (for the 1998 Form 1040), and See Page 54 (for the 1999 Form 1040). The years 2000 through 2005 have "See Page 58, 72, 76, 77, 75, and 78" respectively. None of these forms contain the page referenced at the bottom of the form.

information encompassed by this request complies with 5 C.F.R. 1320.9.
The following is a summary of the topics, regarding the proposed collection of informatio
the respondents of the information called for under 5 C.F.R. 1320(8)(b)(3): ...
If you are unable to certify compliance with any of these provisions, identify
the item below and explain the reason in Item 18 of the Supporting Statement.

The federal agency involved in this case, the Internal Revenue, has submitted five 83-I's since the inception of the PRA of 1995, (1998, 2001, 2004, 2005 and 2008)[5]. At no time did the IRS include any information in the "identify below" category described above, and as to Item 18 in the support statement, the question and answer are as follows: <u>"EXCEPTIONS TO THE CERTIFICATION STATEMENT ON OMB FORM 83-I</u> Not applicable."

What this then demonstrates is undeniable. The statutes, and in particular the regulations, require certain disclosures (5 CFR 1320.8(b)(3)) to be on the "collection of information", what is referred to as the "IT". What is equally clear is the "collection of information" can only be the Form 1040 with respect to the issues in this case. Further, it is clear that the information is not on the Form 1040. Finally, what is clear is that the instructions are not a part of the Form, inseparable and viewed as a part of the Form 1040. All Courts have uniformly held that the instruction booklets are not governed by the PRA, *See Salberg v. United States*, 969 F.2d 379

---

[5] It is believed that no 83-I application was submitted at the end of 1995 as a result of then-President Clinton shutting down government over budget disputes for fiscal year 1996.

(7th Cir. 1992).

The regulations have the force and effect of law. The regulations require certain information be contained on the "collection of information" forms. That required information is not disclosed on the "collection of information" form 1040. The instructions cannot contain that information unless the instructions are part of the form. The instructions are not part of the "collection of information" 1040 form. The certification on the application for the 83-I for the "collection of information" form certifies that the "collection of information" form 1040 contains the required information as stated by the regulations. The certification on the application for the 83-I for the "collection of information" form 1040 is false, and the form displaying OMB number #1545-0074, based upon that false certification is not issued in accordance with the Paperwork Reduction Act of 1995. The OMB number would then not be a "currently valid OMB control number". The form fails to include the necessary information, and by failing to include that information, and by the false certification, the form 1040 would be a bootleg, invalid form. See *Dole v. United Steelworkers*, 498 U.S. 26, 32 (1990).

Thus, the outcome under *Lewis*, when applied to the statutes, regulations, "collection of information" requests, and the certification on the 83-I application would be an incorrect outcome. So, if *Lewis* was incorrectly decided, and *Chisum*

says that the PRA could be raised as a defense to a willful failure to file charge, then Defendant is entitled to have those charges dismissed at this time. Other courts have previously agreed that the PRA could be raised as a defense to a criminal prosecution. See *United States v. Hatch*, 919 F.2d 1394 (9th Cir. 1990).

3. Under the circumstances, the Indictment, when referring to the return, could only mean the Form 1040, which does not comply with the PRA. Since the form does not comply with the PRA, Defendant is entitled as a matter of law to ignore the form without risk of penalty, including criminal penalty. *See Chisum.*

4. Since Defendant cannot be faced with criminal penalty because of the defective Form 1040, the Indictment and all five counts thereof, must be dismissed with prejudice at this time.

WHEREFORE, Defendant Donald Dale Miller requests the Court dismiss this action for the reasons stated herein.

Dated June 2, 2009.

Respectfully Submitted

Donald Dale Miller, Defendant,

By: /s/ Jerold W. Barringer
Barringer Law Office
200 W. Frront St., P.O. Box 213
Nokomis, IL 62075
(217) 563-2646 land line
(217) 710-1836 cell phone
(217) 563-2646 fax
IL Bar # 06185092
jwbarringer@dtnspeed.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Craig Peyton Gaumer by ECF/CM filing this 2nd day of June, 2009.

/s/ Jerold W. Barringer