IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-00014 |
| | ) | |
| -vs- | ) | MOTION TO DISMISS |
| | ) | INDICTMENT PURSUANT |
| Donald Dale Miller, | ) | TO LACK OF VENUE |
| | ) | |
| Defendant, | ) | |

Comes Now Defendant, Donald Dale Miller, and for his Motion to Dismiss the Indictment for Lack of Venue, states as follows:

1. Counts One through Five allege that the Defendant, Donald Dale Miller, was "required by law,... to make an income tax return to the person assigned to receive returns at the local office of the Internal Revenue Service at Des Moines, Iowa, in the Southern District of Iowa, or to the Director, Internal Revenue in Kansas City, Missouri, or to other proper office of the United States..."

2. Pursuant to 26 U.S.C. Sec. 6091, the only legally required places for the filing of returns are (i) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, (ii) or at a service center serving the internal revenue district referred to in clause (i).

3. Since 1999, pursuant to the Restructuring and Reform Act of 1998, the

districts were eliminated, the district director was eliminated, the director of the internal revenue service center was eliminated and the service center was eliminated. See Sec. 1001 of the Reform and Restructuring Act of 1998.

4. Since the only legally required places for the filing of returns were eliminated by statute, there is no venue for purposes of this action. The places, "at the local office of the Internal Revenue Service at Des Moines, Iowa" and "or other proper officer of the United States", are not legally recognized places for purposes of venue under 26 U.S.C. Sec. 6091, and these are the only two other options listed in the Indictment aside from the Director, Internal Revenue Service Center at Kansas City, Missouri.

5. Without venue being properly alleged or proved, there is no basis for jurisdiction to pursue this action against Defendant Donald Dale Miller at this time.

"Ordinarily criminal prosecutions must be brought in the district in which the **offense was committed**, and federal income tax returns must, by statute, be filed in the place of legal residence of the taxpayer or at a service center serving **that district**, 26 U.S.C. § 6091(b)(1)(A)(i) and (ii), or the principal place of business of the taxpayer." The prosecution "must then establish beyond a reasonable doubt that the defendant's residence in this, a tax case, was [Oklahoma City]. **This is essential to establish jurisdiction and venue**. United States v. Brewer, 486 F.2d 507, 509 (10th

Cir. 1973) [1]

6. The requirement concerning the place of filing of the individual income tax returns is provided ONLY in 26 U.S.C.A. § 6091(b)(1)(A) for persons other than corporations. It prescribes the place of filing as "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return. . . ." U.S. v. Taylor, 828 F.2d 630, 634-635 (10th Cir. 1987) The federal statute and regulations lay down the rule as a matter of federal law. Id. This is a fairly standard procedure in all circuits.

7. In a criminal case, the government bears the burden of proving proper venue by a preponderance of the evidence. United States v. Netz, 758 F.2d 1308, 1312 (8th Cir. 1985). Venue properly lies in the judicial district where an offense occurred. Fed.R.Crim.P. 18; United States v. Marchant, 774 F.2d 888, 891 (8th Cir. 1985), cert. denied, 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986)..

8. Prosecutions are required to be "instituted in a district court with

---

[1] The 10th Circuit cited to all these cases in support of its holding: United States v. Gorman, 393 F.2d 209, 213-214 (7th Cir.), cert. denied, 393 U.S. 832, 89 S.Ct. 102, 21 L.Ed.2d 103 (1968); Yarborough v. United States, 230 F.2d 56, 58-59 (4th Cir.), cert. denied, 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); Bowles v. United States, 73 F.2d 772, 773-774 (4th Cir. 1934), cert. denied, 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245 (1935); United States v. Commerford, 64 F.2d 28, 32-33 (2d Cir.), cert. denied, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502 (1933). See also United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1915); Weaver v. United States, 298 F.2d 496 (5th Cir. 1962).

jurisdiction over violations of 26 U.S.C. § 7203 and in which venue was proper. See: 18 U.S.C. § 3231 (jurisdiction of district court over offenses against laws of the United States); 26 U.S.C. §§ 6012, 6091, and 7203 (substantive offense and venue of its commission)"; United States v. Rice, 659 F.2d 524, 526 (5th Cir. 1981).

9. Here, it is clear that no venue has been established by the words of the Indictment. Without such venue, this action must be dismissed at this time.

WHEREFORE, Defendant Donald Dale Miller requests the Court dismiss this action for the reasons stated herein.

Dated June 2, 2009.

                    Respectfully Submitted

                    Donald Dale Miller, Defendant,

By: /s/ Jerold W. Barringer
Barringer Law Office
200 W. Frront St., P.O. Box 213
Nokomis, IL 62075
(217) 563-2646 land line
(217) 710-1836 cell phone
(217) 563-2646 fax
IL Bar # 06185092
jwbarringer@dtnspeed.net

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Craig Peyton Gaumer by ECF/CM filing this 2nd day of June, 2009.

                                             /s/ Jerold W. Barringer