IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD DALE MILLER, Defendant. | No. 3:09-cr-0014-JAJ<br><br>**ORDER** |

This matter comes before the Court pursuant to Defendant Donald Dale Miller's (Miller) June 12, 2009, motion to dismiss for lack of venue (Dkt. 27). For the foregoing reasons, defendant's motion is denied.

## ANALYSIS

Miller was charged with failure to file a tax return under 26 U.S.C. § 7203. Miller claims that the court lacks venue over these charges because "the only legally required places for the filing of returns were eliminated by statute, there is no venue for purposes of this action."

Failure to file a tax return is a crime of omission. It is well established that the venue for a crime of omission lies in any district where the duty could have been performed. See United States v. Clines, 958 F.2d 578, 583 (4th Cir. 1992); United States v. Garman, 748 F.2d 218, 219-21 (4th Cir. 1984).

"Failure to file a tax return is an offense either at the defendant's place of residence, or at the collection point where the return should have been filed." United States v. Clinton, 574 F.2d 464, 465 (9th Cir. 1978); See also United States v. Rice, 659 F.2d 524, 526 (5th Cir. 1981) (holding that venue is proper where defendant resided); United States v. Dawes, 874 F.2d 746, 750 (10th Cir. 1989) (holding that venue lies where defendant resides). The indictment states that defendant is a resident of Wayland, Iowa.

Wayland is located in the Southern District of Iowa. Miller does not challenge these allegations. According to the applicable case law, venue is appropriate in the Southern District of Iowa.

Upon the foregoing,

**IT IS ORDERED** that Defendant's motion to dismiss for lack of venue (Dkt. 27) is denied.

**DATED** this 25th day of June, 2009.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA