IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-00014 |
| | ) | |
| -vs- | ) | MOTION TO DISMISS |
| | ) | SECOND SUPERSEDING |
| Donald Dale Miller, | ) | INDICTMENT |
| | ) | |
| Defendant, | ) | |

Comes Now Defendant, Donald Dale Miller, and for his Motion to Dismiss the

Second Superseding Indictment for Lack of Venue and Jurisdiction, states as follows:

**As to the Willful Failure to File Counts**

1. Counts One, Three, Five, Seven and Nine allege that the Defendant, Donald

Dale Miller, was "required by law,... to make an income tax return to the person

assigned to receive returns at the local office of the Internal Revenue Service at Des

Moines, Iowa, in the Southern District of Iowa, or to the Director, Internal Revenue

in Kansas City, Missouri, or to other proper office of the United States...".

2. As stated in the original motion to dismiss for lack of venue, there are a

number of jurisdictional and venue questions with respect to where returns are

required to be filed by law, versus where a person could choose to voluntarily file an

income tax return. Each year will be taken in turn.

3.   For the year 2002, 26 U.S.C. Sec. 6091 stated:

(a) When not otherwise provided for by this title, the Secretary shall by regulations prescribe the place for the filing of any return, declaration, statement, or other document, or copies thereof, required by this title or by regulations.

(b) Tax Returns.  In the case of returns of tax required under authority of part II of this subchapter– (1) Persons other than corporations (A) General rule. Except as provided by subparagraph (B), a return (other than a corporation return) shall be made to the Secretary– (i) **in the internal revenue district** in which is located the legal residence or principal place of business of the person making the return, or (ii) **at a service center serving the internal revenue district** referred to in clause (i), as the Secretary may by regulations designate. ...(4) Hand-carried returns.  Notwithstanding paragraph (1), (2), or (3), a return to which paragraph (1)(A), (2)(A), or (3)(A) would apply, but for this paragraph, which is made to the Secretary by handcarrying shall, under regulations prescribed by the Secretary, be made **in the internal revenue district** referred to in paragraph (1)(A), (2)(A), or (3)(A), as the case may be.

4.   This is the statute as it was written in 1998 - 2009.  This statute has not changed at any time during the relevant years involved in this indictment.

5.   With respect to the mandates of the statute, a return was to be made "in the internal revenue district".  Of course, as was discussed in the previous motion to dismiss, there has been no internal revenue district or district director in Iowa or Missouri since at least October 7, 2000.

6.   26 U.S.C. Sec. 6091 also refers to regulations as prescribed by the secretary when the place for filing a return is not provided "by this title."  There is no doubt

that section 6091, taken with Title 26, Section 7621, provides the place "by this title" and therefore section 6901 provides no authority for the Secretary to promulgate any regulation regarding the filing of "a return."

7.  In the event the Secretary would have delegated authority from Congress to provide the requirement to file a return by regulation,[1] that regulation is found at 26 CFR 1.6091-2(a)(1)(2002) , which reads as follows:

> Except as provided in paragraph (c) of this section, income tax returns of individuals, estates and trusts shall be filed **with the district director** for the **internal revenue district** in which is located the legal residence or principal place of business of the person required to make the return, or, if such person has no legal residence or principal place of business in any internal revenue district, with the District Director of Baltimore, Md. 21202. ... (c) Returns filed with service centers. Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that returns be filed with a service center, the returns must be so filed in accordance with the instructions. (d) Hand-carried returns. Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section: (1) Persons other than corporations. Returns of persons other than corporations which are filed by hand carrying shall be filed **with the district director** (<u>or with any person assigned the administrative supervision of an area, zone or local office constituting a permanent post of duty within the internal revenue district of such director</u>) as provided in paragraph (a) of this section.

8.  Pursuant to these regulations, written to conform with 26 U.S.C. Sec. 6091, when the requirement is not mandated by "this title" the internal revenue districts

---

[1]Such a construction would run afoul of the statutory origin holdings, which have already been stated by this court, and render such regulatory construction theory invalid in this case.

(Kansas City, Missouri for purposes of this case), are the only place to file tax returns. Further, even hand-carried returns had to be made to a person permanently posted for duty to receive returns within the internal revenue district.[2] This was not designed to be at the local residence of an individual, or within a local judicial district.

9. This issue is critical for the purpose of determining the place the alleged crime was committed so venue for the place of trial in this matter can be determined. As was stated in *United States v. Wray*, 608 F.2d 722 (8th Cir. 1979),

> A majority of criminal statutes proscribe only *affirmative* conduct – the doing of a particular act. Under such a statute, the district in which the criminal act was actually performed by the defendant is ordinarily the district in which the offense was committed. Venue therefore would be proper in any district where such affirmative conduct occurred. (Internal citations omitted). A few statutes, however, provide criminal penalties, not for affirmative conduct, but rather *for the failure to do a particular act*. In such an instance, proper venue, **the place where the offense was committed**, is the district in which the required act should have been done.[3] *Johnston v. U.S.*, 351 U.S. 215, 76 S.Ct.

---

[2]Defendant knows of no such permanent posting of duty by the district director or the Secretary to appoint an individual in a local or area office near the residence of the Defendant prior to October 7, 2000, and Defendant knows of no such appointment which could meet the definition of a local office within the internal revenue district after October 7, 2000 since the internal revenue district ceased to exist at that time. Also, Defendant knows of no authority for the Secretary to delegate anyone to accept returns without reference to internal revenue districts because of 4 U.S.C. Sec. 72, and Defendant knows of no delegation orders for anyone to accept returns anywhere but in internal revenue districts which never existed during the pendency of the relevant time for this case.

[3]Congress has never mandated any return be filed within a "judicial district" of the United States but only an internal revenue district. See section 6091. See also Rush v. United States, 256 F.2d 862 (10th Cir. 1958) ("Internal revenue districts and judicial districts do not coincide.")

739 (1956); ... *Id*. at 725.

10.  26 U.S.C. Sec. 7203 is a criminal penalty for the failure to do a particular act at a particular place and particular time. Venue for Count I lies, if at all, in the Western Judicial District of Missouri, Kansas City Division based upon the place the return in Count I could only have been "required by law" to have been filed by Defendant. However, for reasons already raised, venue does not lie at all.

11.  Pursuant to 26 U.S.C. Sec. 6091, the only legally required places for the filing of returns are (i) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, (ii) or at a service center serving the internal revenue district referred to in clause (i).

12.  Since 1999, pursuant to the Restructuring and Reform Act of 1998, the districts were eliminated, the district director was eliminated, the director of the internal revenue service center was eliminated and the service center was eliminated. See Sec. 1001 of the Reform and Restructuring Act of 1998.   See also Internal Revenue Bulletin, 2007-36, pg. 536 (http://www.irs.gov/pub/irs-irbs/irb07-36.pdf)

13.  Since there are no district directors, no districts, and no regional service centers within an internal revenue district, there is no legal place outside of Washington, D.C. to file an income tax return. 4 U.S.C. Sec. 72 reads, "[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and

not elsewhere, except as otherwise expressly provided by law." See also Art. I, Section 8, Cl. 17.

14.    26 U.S.C. Sec. 7621(a) provides that "[t]he President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts. 7621(b) states, "[f]or the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States." This is the same statute for the years 2000 - 2009, the relevant years in this Second Superseding Indictment plus a number of years on each side of the relevant years.[4]

15.    This statute shows that the Internal Revenue Districts were not supposed to have been abolished, though that is exactly what the Commissioner of the IRS apparently did in 2000. This statute shows that the entire structure of the IRS is mandated to function within internal revenue districts.

16.    The appropriate regulation to 26 U.S.C. Sec. 7621 is found at 26 CFR 301.7621-1. That one sentence regulation reads, "[f]or delegation to the Secretary of authority to prescribe internal revenue districts for the purpose of administering the

---

[4]See also 26 CFR 301.7621-1(2000-2009) where the Secretary, by executive order, is to establish internal revenue districts.

internal revenue laws." This regulation remained the same for the years 2000 - 2009. Again, there is no direction by the Secretary, Commissioner or the IRS to eliminate the district director and internal revenue districts encompassing the State of Iowa.

17.    The Secretary of the Treasury created the IRS at 26 CFR 601.101 which reads in relevant part:

> (a) General.  The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue.  The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed.  **Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue**.

18.    Again, this regulation has remained the same from 2000 - 2009.  Nothing in this regulation provides for the alternation of the internal revenue district format. Nothing in this regulation provides for, or contemplates, the elimination of the district directors and the internal revenue districts.  Nothing provides a basis for jurisdiction over Count I of this Second Superseding Indictment. [5]

19.    To make the final connection, the President, pursuant to 3 U.S.C. Sec. 301 is authorized to appoint the head of the agency to carry out the functions assigned the

---

[5]It "is clear that the Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code, 26 U.S.C. § 7801, and has the power to create an agency to administer and enforce the laws. *See* 26 U.S.C. § 7803(a). Pursuant to this legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." Young v. IRS, 596 F. Supp. 141, 147 (1984)(NDIn); see Cameron v. I.R.S., 593 F. Supp. 1540, 1549 (1984)(NDIn) The IRS does not exist without 26 CFR 601.101.

organization through the Congressional mandates. For purposes of Count I, the statutes and regulations cited make clear that the actions could only take place within an internal revenue district office, that such a district office does not exist, and that if it did exist, that such an office would be in Kansas City, Missouri, not in the Southern District of Iowa for the time and place applicable to Count I.

20. Finally, this Honorable Court had originally held that venue was proper in the Southern District of Iowa, in part, because Defendant resided there, and perhaps could have hand-carried a return to an IRS office in the Southern District of Iowa. Remember, that the filing of a return for the tax year 2002, could only be done in **an internal revenue district**, or even a **local office within an internal revenue district**. Internal revenue districts and judicial districts are not the same and do not coincide. *Rush v. United States*, 256 F.2d 862, 864 (10th Cir. 1958).

21. So, internal revenue districts are required, pursuant to statute, for determining where an income tax return must, by law, be filed. Internal revenue districts are required, pursuant to statute, for the hand-carrying of income tax returns where an income tax return must, by law, be filed. Internal revenue districts are required, pursuant to statute, for determining the proper venue of a willful failure to file income tax case required by law to be filed. The internal revenue laws can only be administered through internal revenue districts as required by statute. The

Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by statute. Finally, to make clear that internal revenue districts are critical, case law has stated that internal revenue districts and judicial districts are not the same and do not coincide. Yet, no internal revenue districts existed in 2002.

22. Also, internal revenue districts are required, pursuant to regulations, for determining where an income tax return must, by law, be filed. Internal revenue districts are required, pursuant to regulations, for the hand-carrying of income tax returns where an income tax return must, by law, be filed. The internal revenue laws can only be administered through internal revenue districts as required by regulation. The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by regulation. Yet, no internal revenue districts existed in 2002.

23. Defendant has been charged with a crime of failure to perform a mandatory function. As shown here, there is no legally required, legally designated, legally mandated place for carrying out the act that Defendant was alleged to have failed to perform as of April 15, 2003. As such, at the time that the crime was alleged to have occurred, Defendant had no legally mandated place to carry out that function which is alleged to have been required by law to perform. Further, it is

equally clear under *Johnston, Wray* and *Rush*, that venue and jurisdiction, if it exists at all, exists in the Western Judicial District of Missouri and that will raise certain Sixth Amendment challenges in the event that such third superceding indictment evolves or another "indictment" from that venue is issued.

23.    As such, Count I should and must be dismissed for the reasons stated herein.

**As to Count III.**

24.    The results of Count I equally apply to Count III.  Count III charges Defendant with willful failure to file an income tax return for the year 2003, which return would have been due on or before April 15, 2004, and it is again alleged to be made to a person at a local office of the IRS, or to the Director of Internal Revenue Service Center at Kansas City, or someplace else.

25.    Since all statutes and regulations are identical for 2003 as they were for 2002, the same legally fatal flaws exist for the year 2003, Count III.  Since the same legally fatal flaws exist for Count III, Count III must also be dismissed based upon the reasoning found in this Motion to Dismiss associated with Count I.

26.    As such, Count III should and must be dismissed for the reasons stated herein.

**As to Count V**.

27.    The results of Count I equally apply to Count V.  Count V charges

Defendant with willful failure to file an income tax return for the year 2004, which return would have been due on or before April 15, 2005, and it is again alleged to be made to a person at a local office of the IRS, or to the Director of Internal Revenue Service Center at Kansas City, or someplace else.

28. Since all statutes and regulations are identical for 2004 as they were for 2002, the same legally fatal flaws exist for the year 2004, Count V. Since the same legally fatal flaws exist for Count V, Count V must also be dismissed based upon the reasoning found in this Motion to Dismiss associated with Count I.

29. As such, Count V should and must be dismissed for the reasons stated herein.

**As to Count VII.**

30. Count VII charges the Defendant with willful failure to file an income tax return for the year 2005, which return would have been due on or before April 15, 2006, and it is again alleged to be made to a person at a local office of the IRS, or to the Director of Internal Revenue Service Center at Kansas City, or someplace else.

31. At this time, the IRS had attempted to address the issue of where to file an income tax return in light of the elimination of district directors and internal revenue districts. The IRS wrote 26 CFR 1.6091-2(a), which reads:

*Individuals, estates and trusts.* (1) Except as provided in paragraph (c) of this

section, income tax returns shall be filed with any person assigned the responsibility to receive income tax returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return. ...

(c) *Returns filed with service centers.* Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that the returns be filed with a service center, the returns **must be so filed** in accordance with the instructions. ...

(d) *Hand-carried returns.* Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section:

(1) *Persons other than corporations.* Returns of persons other than corporations which are filed by hand-carrying shall be filed with any person assigned the responsibility to receive hand-carried returns in the local Internal Revenue Service office as provided in paragraph (a) of this section. ...

See Sec. 301.6091-1 of this chapter (Regulations on Procedure and Administration) for provisions relating to the definition of hand-carried.

32.    The IRS attempted to write a regulation that would trump the specific language of 26 U.S.C. Sec. 6091quoted in paragraphs 3 and 4 *supra*. Numerous problems exist with that attempt.

33.    First, this Court has already held that the filing of a return is mandated by statute. While that may have been directed at 26 U.S.C. 6012(a), that same legal rationale must now also apply to 26 U.S.C. Sec. 6091. The statutes control, and the language of the statute cannot be abrogated by a regulations. A regulation may explain a statute or implement a statute, but a regulation cannot change a statute.

34.    If regulations are now going to govern the filing of a return, after a statutory mandate theory governed the making of a return, then the Second

Superseding Indictment is woefully inadequate to address how these twists and turns of the law must apply. Since the statutory mandate theory governs at this time, 26 U.S.C. Sec. 6091 makes clear that the only places to file or hand-carry a return, are to internal revenue districts, which had not existed for more than 5 years by the time the 2005 return was alleged to be due.

35. Second, under 4 U.S.C. Sec. 72, and 26 U.S.C. Sec. 7621, the IRS can only act outside of the District of Columbia through internal revenue districts. These two statutes did not change with the restructuring of the IRS in 1998. Since those two statutes did not change, how then can the IRS function in "service centers" or "area or local offices" when none are authorized by any statute.

36. In other words, how does the IRS function at all, outside of the District of Columbia, without internal revenue districts. This is why the IRS then attempted to rewrite other regulations as outlined in paragraph 12 *supra,* which discussed the result of a case from Missouri wherein the IRS was losing money because of notice provisions in contacting the IRS under then current regulations. But this re-write, and the yet different regulations based upon this rewrite, occurred on September 4, 2007 with a publication in the federal register, which would still not have made them applicable for a number of days or months thereafter. That regulation change only applies to damage from levy claims and no other regulation whatsoever.

37.   The statutes govern the location for filing, and that has not changed.  The regulations were re-written[6] on at least two different occasions, but the regulations cannot supplant the statutes.  In addition, 4 U.S.C. Sec. 72 and 26 U.S.C. Sec. 7621, make clear the IRS cannot function outside of internal revenue districts, which everyone agrees do not exist.  Third, the instruction booklets make clear that the returns were to be filed (mailed) to Kansas City, Missouri, which is outside of this judicial district[7], and thereby denies jurisdiction in this court.

38.   For all of these reasons, Count VII suffers the same fatal flaws as Counts I, III and V.  For all of these reasons, Count VII must also be dismissed.

**As to Count IX.**

39.   Count IX alleges that Defendant was required to make an income tax return for calendar year 2006, and file it on or before April 16, 2007.  All the issues that apply to Count VII, apply to Count IX.  Nothing more need be said.  Count IX fails for the same reasons that Count VII fails. Count IX should and must be dismissed at this

---

[6]The regulations listed only two places, the local office with someone authorized to accept returns, and the Regional Service Center, and if the instructions that are written to explain the making and filing of a Form 1040 state a Regional Service Center, that must be followed, unless hand-carried, and then it is back to the local office with someone authorized to accept returns which are hand-carried.  Of course, all of this violates 26 U.S.C. Sec. 6091-2.

[7]See arguments made in paragraphs 8 through 10, *supra*.  Defendant does not concede that the service center (outside of an internal revenue district) is legally appropriate.  Defendant merely shows the sixth amendment, Article III, Section 2, Clause 3, and venue problems with alleging the regional service center which is in Kansas City, Missouri as alleged in the Second Superseding Indictment.

time.

40.   This then leaves Counts II, IV, VI and VIII for tax evasion, and Count X for the attempt to interfere with Administration of Internal Revenue Laws.  Each must also fail for various reasons.

**Tax Evasion Counts**

**As to Count II.**

41.   The obligation to pay a tax, one of the three key elements in a tax evasion charge, again, hinges on where the tax is to be paid.  26 U.S.C. Sec. 6151(a) states:

> General rule.  Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

42.   In other words, for Count II, the place for payment of tax for the year 2003, due and payable on or before April 15, 2004, as alleged by the Grand Jury was at an internal revenue district office, or to the district director at the internal revenue district service center as discussed in detail in paragraphs 3 through 22, *supra*.

43.   The indictment alleges that the tax was to be paid to "any proper officer of the Internal Revenue Service".  That is legally incorrect as was referenced in the paragraphs associated with Count I.  Nothing in the statutes or regulations allows for

the phrase "any proper officer of the Internal Revenue Service".

44.    Nothing in the statutes or regulations allow for the payment of an income tax that is deemed due and owing to any person or place not associated with an internal revenue district, and has been stated repeatedly, no such internal revenue district exists.  There was no legally cognizable locale for the payment of income taxes alleged due and owing within the boundaries of Count II of the Second Superseding Indictment.

45.    In other words, aside from the problems with the allegations of Count II referencing the failing to make an income tax return, and the failing to pay an income tax to any proper office of the Internal Revenue Service, there is also the problem that there is no place to specifically pay the tax authorized anywhere within the statutes applicable in 2003.

46.    Count II does not allege that any affirmative act occurred outside the Southern District of Iowa.  Yet, the elimination of the internal revenue districts, regional service centers within the internal revenue districts, and district directors makes no place within the Southern District of Iowa as a legally-mandated locale for the making of a return or payment of tax.

47.    So, internal revenue districts are required, pursuant to statute, for determining where an income tax must, by law, be paid.  Internal revenue districts are

required, pursuant to statute, for the hand-carrying of income tax returns where an income tax must, by law, be paid. Internal revenue districts are required, pursuant to statute, for determining the proper venue for the payment of income tax. The internal revenue laws can only be administered through internal revenue districts as required by statute. The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by statute. Finally, to make clear that internal revenue districts are critical, case law has stated that internal revenue districts and judicial districts are not the same and do not coincide. Yet, no internal revenue districts existed in 2002.

48. Merely alleging that there are possible affirmative acts that occurred in the Southern District of Iowa do not establish jurisdiction in the Southern District, so that under Sec. 7201, a tax must have been paid there, and the crime originated there. Count II, when examined in light of the problems with the structure of the IRS as a result of the elimination of internal revenue districts and district directors, fails to state a legally cognizable claim, and must be dismissed.

49. For all of these reasons, Count II should and must be dismissed at this time.

**As to Count IV.**

50. The results of Count II equally apply to Count IV. Count IV charges Defendant with tax evasion for the year 2004, which return and tax would have been

due on or before April 15, 2005, and it is again alleged to be made to any proper officer of the Internal Revenue Service.

51.   Since all statutes and regulations are identical for 2004 as they were for 2003, the same legally fatal flaws exist for the year 2004, Count IV.  Since the same legally fatal flaws exist for Count IV, Count IV must also be dismissed based upon the reasoning found in this Motion to Dismiss associated with Count II.

52.   As such, Count IV should and must be dismissed for the reasons stated herein.

**As to Count VI.**

53.   Count VI charges the Defendant with tax evasion for the year 2005, which tax would have been due on or before April 15, 2006, and it is again alleged that it should have been paid, as required by law, to any proper officer of the Internal Revenue Service.  As stated previously Sec. 6151 is governed by Sec. 6091.

54.  At this time, the IRS had attempted to address the issue of where to file an income tax return in light of the elimination of district directors and internal revenue districts.  The IRS wrote 26 CFR 1.6091-2(a), which reads:

> *Individuals, estates and trusts.* (1) Except as provided in paragraph (c) of this section, income tax returns shall be filed with any person assigned the responsibility to receive income tax returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return. ...

-18-

(c) *Returns filed with service centers.* Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that the returns be filed with a service center, the returns **must be so filed** in accordance with the instructions. ...

(d) *Hand-carried returns.* Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section:

(1) *Persons other than corporations.* Returns of persons other than corporations which are filed by hand-carrying shall be filed with any person assigned the responsibility to receive hand-carried returns in the local Internal Revenue Service office as provided in paragraph (a) of this section. ...

See Sec. 301.6091-1 of this chapter (Regulations on Procedure and Administration) for provisions relating to the definition of hand-carried.

55.   The IRS attempted to write a regulation that would trump the specific language of 26 U.S.C. Sec. 6091quoted in paragraphs 3 and 4 *supra*. Numerous problems exist with that attempt.

56.   First, this Court has already held that the filing of a return is mandated by statute. While that may have been directed at 26 U.S.C. 6012(a), that same legal rationale must now also apply to 26 U.S.C. Sec. 6091, and to 26 U.S.C. Sec. 6151. The statutes control, and the language of the statute cannot be abrogated by a regulations. A regulation may explain a statute or implement a statute, but a regulation cannot change a statute.

57.   If regulations are now going to govern the filing of a return, (and by correlation the payment of a tax), after a statutory mandate theory governed the making of a return, then the Second Superseding Indictment is woefully inadequate

to address how these twists and turns of the law must apply. Since the statutory mandate theory governs at this time, 26 U.S.C. Sec. 6091 makes clear that the only places to file or hand-carry a return, (or pay the tax in this Count) are to internal revenue districts, which had not existed for more than 5 years by the time the 2005 return and the tax was alleged to be due.

58. Second, under 4 U.S.C. Sec. 72, and 26 U.S.C. Sec. 7621, the IRS can only act outside of the District of Columbia through internal revenue districts. These two statutes did not change with the restructuring of the IRS in 1998. Since those two statutes did not change, how then can the IRS function in "service centers" or "area or local offices", or in this Count, "to any proper officer of the Internal Revenue Service without reference to any locale, when none are authorized by any statute.

59. In other words, how does the IRS function at all, outside of the District of Columbia, without internal revenue districts. This is why the IRS then attempted to rewrite other regulations as outlined in paragraph 12 *supra,* which discussed the result of a case from Missouri wherein the IRS was losing money because of notice provisions in contacting the IRS under then current regulations. But this re-write, and the yet different regulations based upon this rewrite, occurred on September 4, 2007 with a publication in the federal register, which would still not have made them applicable for a number of days or months thereafter, far outside the relevant period

for the 2006 tax year.

60.   The statutes govern the location for filing, and paying taxes, and that has not changed.  The regulations were re-written[8] on at least two different occasions, but the regulations cannot supplant the statutes.  In addition, 4 U.S.C. Sec. 72 and 26 U.S.C. Sec. 7621, make clear the IRS cannot function outside of internal revenue districts, which everyone agrees do not exist.  Third, the instruction booklets make clear that the returns were to be filed (mailed), and taxes paid, to Kansas City, Missouri, which is outside of this judicial district[9], and thereby denies jurisdiction in this court.

61.   For all of these reasons, Count VI suffers the same fatal flaws as Counts II, and IV.  For all of these reasons, Count VI must also be dismissed.

**As to Count VIII.**

62.   Count VIII alleges that Defendant was required to make an income tax return for calendar year 2006, and file it and pay the tax alleged due and owing on or

---

[8]The regulations listed only two places, the local office with someone authorized to accept returns, and the Regional Service Center, and if the instructions that are written to explain the making and filing of a Form 1040 state a Regional Service Center, that must be followed, unless hand-carried, and then it is back to the local office with someone authorized to accept returns which are hand-carried.  Of course, all of this violates 26 U.S.C. Sec. 6091-2.

[9]See arguments made in paragraphs 8 through 10, *supra*.  Defendant does not concede that the service center (outside of an internal revenue district) is legally appropriate.  Defendant merely shows the sixth amendment, Article III, Section 2, Clause 3, and venue problems with alleging the regional service center which is in Kansas City, Missouri as alleged in the Second Superseding Indictment.

before April 16, 2007. All the issues that apply to Count VI, apply to Count VIII. Nothing more need be said. Count VIII fails for the same reasons that Count VI fails. Count VIII should and must be dismissed at this time.

**Defendant does not concede that the regulations ever can alter the language of the statute.**

63. "When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress" *Chevron USA v. Natural Resources Defense Counsel*, 467 U.S. 837, 842 (1984).

64. "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz*, 415 U.S. 199, 231 (1974). "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Chevron*, at 843.

65. A court is not free to simply adopt its own construction of a statute when the agency empowered to administer the statute has already issued an administrative

interpretation. *Id.* "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.*

66. When Congress has specifically delegated authority for implementing a statute by regulation, review is limited "to determining whether the regulation promulgated exceeds the statutory grant of authority". *Heckler v. Campbell*, 461 U.S. 458, 466 (1983); *Burkhalter v. Schweiker*, 711 F.2d 841, 844 (8th Cir. 1983).

67. In the case of Title 26, Sec. 6091, to the extent the Secretary takes to interpret the phrase "internal revenue district" or "district director", the key ingredient to both are the term "boundary" at Title 26, Sec. 7621. Since Sec. 6091 does not authorize the Secretary, by regulation, to fix the place for filing an individual return, there is no need to turn to regulations to determine where that place is to be established. Congress has directly spoken to the precise question, and its intent is clear.

68. Even if regulations are applicable, and regulations certainly have not been alleged to apply under the specific language of any count within the Second Superseding Indictment, involving the place for filing returns, and by correlation, the place for paying taxes; 26 CFR 1.6091-2(2005) is directly contrary to Sec. 6091's clear language and intent.

69.   Why the Secretary thought in 2005 that he/she could rewrite the regulation under 1.6091-2 to erase the district director and internal revenue district and replace those with local office and person assigned is unexplainable in light of Title 4, Section 72 and 26 CFR §601.101.  Congress did not amend Sec. 6091, and the Secretary had previously agreed with the authority of Sec. 6091, until 2005, having specifically written regulations adopting the specific, precise language of section 6091, in regulations that applied for years until 2005.

70.   To the extent that Congress gave the Secretary of the Treasury authority to rely upon phrases like "person assigned" and IRS "office", those terms cannot exceed the meaning of the term "internal revenue district" or "district director" in the internal revenue laws.  Remember, 26 CFR 601.101 (2000-2009) is the regulation that creates the IRS in the first place, and that regulation refers entirely to the IRS operating solely and only through internal revenue districts.  How then, can anything that eliminates this structure and boundary apply in this criminal case.

71.   Without internal revenue districts, the IRS cannot operate outside of the District of Columbia.  Without internal revenue districts, the IRS cannot write regulations that refer to proper place or authorized officer and make those places or those people mean anything.  The phrases must refer to internal revenue district or district director, which the IRS did not mean, and since that is not the intent of the

IRS, as shown by the response to the first motion to dismiss on venue, then the IRS has eliminated all legal authority for it to act, or carry on any proper functions, including "enforcement" outside of the District of Columbia.  See 26 CFR 601.104(c)(2000-2009)

72.   Regulations written otherwise cannot save this Indictment, and such Indictment should and must be dismissed.

**As to Count X.**

73.   Finally, as to Count X, it is alleged that "on or about July 25, 2009, in the Southern District of Iowa, defendant Donald Dale Miller corruptly endeavored to intimidate and impede one or more officers and employees of the United States acting in an official capacity under the Internal Revenue Code, and did otherwise endeavor to obstruct and impede the due administration of the Internal Revenue Code, by threatening the officers and employees of the Internal Revenue Service with prosecution, unless any and all presentments involving him were vacated and any actions of a lien or levy were stopped." Doc. 64, page 7, Count Ten.

74.   First, and foremost, all the actions alleged in Count X are based upon authority under the Internal Revenue Code, not any regulation or revenue ruling.

75.   Again, as stated repeatedly in this document, there is no authority for the IRS to act outside of the District of Columbia without being in an internal revenue

district. Those statutes have not changed, and those statutes only refer to the district director in his particular internal revenue district doing most functions associated with the Internal Revenue Service.

76.    The attempt to issue a notice of deficiency is driven by district directors and districts. 26 U.S.C. Sec. 6212 and 26 CFR 301.6212-1(a) & (b). The attempt to issue an assessment is driven by district directors and districts. 26 USC 6203, and 26 CFR 301.6203.1. The attempts to issue a levy and distraint (which arose at the same time as the summons) are driven by district directors and districts. 26 U.S.C. Sec. 301.6331 and 26 CFR 301.6331-1. See also 26 CFR 601.104. Everything is based on the district director and districts.

77.    With no internal revenue districts, the IRS is unable to perform any function outside of the District of Columbia as shown by 26 CFR 601.101. Since all allegations in Count X are based upon actions having taken place in the Southern District of Iowa, which is clearly not the District of Columbia, then Count X fails as a matter of law and fact to state a cause of action and should and must be dismissed.

LOCUS DELECTI

**THIS COURT LACKS JURISDICTION OVER THE OFFENSE AND SUBJECT MATTER**.

78. Judicial Districts of the United States are not established to determine the

place where a crime was committed.  The general rule is that "where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime." *Johnston v. United States*, 351 U.S. 215, 220 (1956)

79.  "The possibility that registrants might be ordered to report to points remote from the situs of draft boards neither allows nor requires judicial changes in the law of venue." *Id*.  "Article III of the Constitution and the Sixth Amendment fix venue 'in the State' and 'district wherein the crime shall have been committed.'" *Id*.  "The venue of trial is thereby predetermined, **but those provisions do not furnish guidance for determination of the place of the crime**." *Id*. (Emphasis added).

80.  "That place is determined by **the acts of the accused that violate a statute**.  This requirement of venue states the public policy that fixes the situs of the trial in the vicinage of the crime rather than the  residence of the accused. Cf. *United States v. Anderson*, 328 U.S. 699, 705.  A variation from that rule for convenience of the prosecution or the accused is not justified.  The result would be delay and confusion." *Id*. at 221

81.  This rule was followed in *United States v. Johnson*, 323 U.S. 273, relied on by the registrants, where a maker and shipper of dentures mailed in Illinois was charged in Delaware, the State of receipt by a consignee, with violating the law by "use" of the mails "for the purpose of sending or bringing into" a state such dentures.

*Id*., at 274. The Supreme Court, by interpretation of the statute, restricted prosecution of the shipper to the State of the shipment saying:

> "It is a reasonable and not a strained construction to read the statute to mean that the crime of the sender is complete when he uses the mails in Chicago, and the crime of the unlicensed dentist in California or Florida or Delaware, who orders the dentures from Chicago, is committed in the State into which he brings the dentures. As a result, the trial of the sender is restricted to Illinois and that of the unlicensed dentist to Delaware or Florida or California." Id., at 277-278.

82. This Court must first determine where the Grand Jury alleges Section 7201, 7203 and 7212 were violated. Without internal revenue districts and district directors there is no manner or explanation that could allege where these provisions were in fact violated. Defendant understands the wish of the Prosecution to place all acts involving "internal revenue laws" outside of District of Columbia to apply in Judicial Districts. However, that is simply not the law.

83. Judicial Districts under Article III, Section 1, Article I, Section 8, Clause 9, and Article II, Section 2, Clause 2, are for holding trial only and for no other reason. The requirement the trial be held in the state where the internal revenue law was alleged to have been violated, along with the requirement the President establish "internal revenue districts" by dividing up states or adding together two or more states, shows that without an internal revenue district encompassing the State of Iowa and

specifically where the acts are alleged to have occurred by Defendant, there is no place alleged in the indictment where the crime was alleged to have been committed.

84.   Again, a Judicial District is not where violations of federal laws are to be determined.  Without any internal revenue district, this Court has no jurisdiction over the alleged offenses in the indictment because the place those alleged offenses are to have occurred cannot be determined.  Fundamentally, the place cannot be determined without such internal revenue district and the office of district director.

## IRS HAD NO AUTHORITY TO MAKE CRIMINAL REFERRAL TO DEPARTMENT OF JUSTICE

85.   The criminal referral in this case to the United States Department of Justice was not done according to any federal law.  Defendant knows of no statutory or other authority given to the Secretary of Treasury to make a criminal referral to the United States Department of Justice with respect to any activity in the State of Iowa, because of, in part, 4 U.S.C. Sec. 72.  Yet, only the Secretary of Treasury could make such referral without internal revenue districts.  The Secretary of the Treasury did not make such referral in this case, and without internal revenue districts or district directors there is no referral authority.

### Conclusion

With  no  internal  revenue  districts,  the  Secretary  of  the  Treasury  and

Commissioner of Internal Revenue are unable to perform any function outside of the District of Columbia as shown by 26 CFR 601.101 including enforcement. Since all allegations in the Indictment refer **only to** the Southern District of Iowa, all ten counts of the Second Superseding Indictment must be dismissed for all the reasons stated herein.

Dated December 23, 2009.

Respectfully Submitted

Donald Dale Miller, Defendant,

By: /s/ Jerold W. Barringer
Barringer Law Office
200 W. Frront St., P.O. Box 213
Nokomis, IL 62075
(217) 563-2646 land line
(217) 710-1836 cell phone
(217) 563-2646 fax
IL Bar # 06185092
jwbarringer@dtnspeed.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Craig Peyton Gaumer by ECF/CM filing this 23rd day of December, 2009.

/s/ Jerold W. Barringer