IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-00014 |
| | ) | |
| -vs- | ) | MOTION IN LIMINE |
| | ) | |
| Donald Dale Miller, | ) | |
| | ) | |
| Defendant, | ) | |

Comes Now Defendant, Donald Dale Miller, by and through his attorney, Jerold W. Barringer, and for his Motion in Limine, states as follows:

1. Counts I, III, V, VII, and IX allege that the Defendant, Donald Dale Miller, was "required by law,... to make an income tax return", Sec. 7203 charges. Counts II, IV, VI, and VIII are Sec. 7201 charges. Count X is a Sec. 7212(a) charge.

2. As demonstrated by the Motion to Dismiss, (Doc. 73), there are serious questions as to jurisdiction and venue in this case. In particular, as to Count I, the Defendant stated the following:

3. For the year 2002, 26 U.S.C. Sec. 6091 stated:

(a) When not otherwise provided for by this title, the Secretary shall by regulations prescribe the place for the filing of any return, declaration, statement, or other document, or copies thereof, required by this title or by regulations.

(b) Tax Returns. In the case of returns of tax required under authority of part II of this subchapter– (1) Persons other than corporations (A) General rule. Except as provided by subparagraph (B), a return (other than a corporation return) shall be made to the Secretary– (i) **in the internal revenue district** in which is located the legal residence or principal place of business of the person making the return, or (ii) **at a service center serving the internal revenue district** referred to in clause (i), as the Secretary may by regulations designate. ...(4) Hand-carried returns. Notwithstanding paragraph (1), (2), or (3), a return to which paragraph (1)(A), (2)(A), or (3)(A) would apply, but for this paragraph, which is made to the Secretary by handcarrying shall, under regulations prescribed by the Secretary, be made **in the internal revenue district** referred to in paragraph (1)(A), (2)(A), or (3)(A), as the case may be.

4.   This is the statute as it was written in 1998 - 2009. This statute has not changed at any time during the relevant years involved in this indictment.[1]

5.   With respect to the mandates of the statute, a return was to be made "in the internal revenue district". Of course, as was discussed in the previous motion to dismiss, there has been no internal revenue district or district director in Iowa or Missouri since at least October 7, 2000.

6.   26 U.S.C. Sec. 6091 also refers to regulations as prescribed by the secretary when the place for filing a return is not provided "by this title." There is no doubt that section 6091, taken with Title 26, Section 7621, provides the place "by this title"

---

[1]The Government offered no response to this position, or for that matter really any position raised in the Motion to Dismiss (Doc. 73). Rather, the Government simply argued that the Court had already made its ruling, and there was no good cause to overturn that position. The Government does not address that there are also additional charges now that did not exist in the original motion.

and therefore section 6901 provides no authority for the Secretary to promulgate any regulation regarding the filing of "a return." No regulation is actually needed.

7.  In the event the Secretary would have delegated authority from Congress to provide the requirement to file a return by regulation,[2] that regulation is found at 26 CFR 1.6091-2(a)(1)(2002), which reads as follows:

> Except as provided in paragraph (c) of this section, income tax returns of individuals, estates and trusts shall be filed **with the district director** for the **internal revenue district** in which is located the legal residence or principal place of business of the person required to make the return, or, if such person has no legal residence or principal place of business in any internal revenue district, with the District Director of Baltimore, Md. 21202. ... (c) Returns filed with service centers. Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that returns be filed with a service center, the returns must be so filed in accordance with the instructions. (d) Hand-carried returns. Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section: (1) Persons other than corporations. Returns of persons other than corporations which are filed by hand carrying shall be filed **with the district director** (<u>or with any person assigned the administrative supervision of an area, zone or local office constituting a permanent post of duty within the internal revenue district of such director</u>) as provided in paragraph (a) of this section.

8.  Pursuant to these regulations, written to conform with 26 U.S.C. Sec. 6091, when the requirement is not mandated by "this title" the internal revenue districts (Kansas City, Missouri for purposes of this case), are the only place to file tax returns.

---

[2]Such a construction would run afoul of the statutory origin holdings, which have already been stated by this court, and render such regulatory construction theory invalid in this case.

Further, even hand-carried returns had to be made to a person permanently posted for duty to receive returns within the internal revenue district.[3] This was not designed to be at the local residence of an individual, or within a local judicial district.

9. This issue is critical for the purpose of determining the place the alleged crime was committed so venue for the place of trial in this matter can be determined. As was stated in *United States v. Wray*, 608 F.2d 722 (8th Cir. 1979),

> A majority of criminal statutes proscribe only *affirmative* conduct – the doing of a particular act. Under such a statute, the district in which the criminal act was actually performed by the defendant is ordinarily the district in which the offense was committed. Venue therefore would be proper in any district where such affirmative conduct occurred. (Internal citations omitted). A few statutes, however, provide criminal penalties, not for affirmative conduct, but rather *for the failure to do a particular act*. In such an instance, proper venue, **the place where the offense was committed**, is the district in which the required act should have been done.[4] *Johnston v. U.S.*, 351 U.S. 215, 76 S.Ct. 739 (1956); ... *Id*. at 725.

---

[3]Defendant knows of no such permanent posting of duty by the district director or the Secretary to appoint an individual in a local or area office near the residence of the Defendant prior to October 7, 2000, and Defendant knows of no such appointment which could meet the definition of a local office within the internal revenue district after October 7, 2000 since the internal revenue district ceased to exist at that time. Also, Defendant knows of no authority for the Secretary to delegate anyone to accept returns without reference to internal revenue districts because of 4 U.S.C. Sec. 72, and Defendant knows of no delegation orders for anyone to accept returns anywhere but in internal revenue districts which never existed during the pendency of the relevant time for this case.

[4]Congress has never mandated any return be filed within a "judicial district" of the United States but only an internal revenue district. See section 6091. See also Rush v. United States, 256 F.2d 862 (10th Cir. 1958) ("Internal revenue districts and judicial districts do not coincide.")

10.  26 U.S.C. Sec. 7203 is a criminal penalty for the failure to do a particular act at a particular place and particular time.  Venue for Count I lies, if at all, in the Western Judicial District of Missouri, Kansas City Division based upon the place the return in Count I could only have been "required by law" to have been filed by Defendant.  However, for reasons already raised, venue does not lie at all.

11.  Pursuant to 26 U.S.C. Sec. 6091, the only legally required places for the filing of returns are (i) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, (ii) or at a service center serving the internal revenue district referred to in clause (i).

12.  Since 1999, pursuant to the Restructuring and Reform Act of 1998, the districts were eliminated, the district director was eliminated, the director of the internal revenue service center was eliminated and the service center was eliminated.  See Sec. 1001 of the Reform and Restructuring Act of 1998[5].  See also Internal Revenue Bulletin, 2007-36, pg. 536 (http://www.irs.gov/pub/irs-irbs/irb07-36.pdf)

13.  Since there are no district directors, no districts, and no regional service centers within an internal revenue district, there is no legal place outside of Washington, D.C. to file an income tax return.  4 U.S.C. Sec. 72 reads, "[a]ll offices

---

[5]This provision for "restructuring" was not codified in law, nor did Congress direct the Secretary to eliminate the districts, only "restructure".

attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." See also Art. I, Section 8, Cl. 17.

14. 26 U.S.C. Sec. 7621(a) provides that "[t]he President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts. 7621(b) states, "[f]or the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States." This is the same statute for the years 2000 - 2009, the relevant years in this Second Superseding Indictment plus a number of years on each side of the relevant years.[6]

15. This statute shows that the Internal Revenue Districts were not supposed to have been abolished, though that is exactly what the Commissioner of the IRS apparently did in 2000. This statute shows that the entire structure of the IRS is mandated to function within internal revenue districts.

16. The appropriate regulation to 26 U.S.C. Sec. 7621 is found at 26 CFR 301.7621-1. That one sentence regulation reads, "[f]or delegation to the Secretary of

---

[6] See also 26 CFR 301.7621-1(2000-2009) where the Secretary, by executive order, is to establish internal revenue districts.

authority to prescribe internal revenue districts for the purpose of administering the internal revenue laws." This regulation remained the same for the years 2000 - 2009. Again, there is no direction by the Secretary, Commissioner or the IRS to eliminate the district director and internal revenue districts encompassing the State of Iowa.

17. The Secretary of the Treasury created the IRS at 26 CFR 601.101 which reads in relevant part:

> (a) General. The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. **Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue**.

18. Again, this regulation has remained the same from 2000 - 2009. Nothing in this regulation provides for the alternation of the internal revenue district format. Nothing in this regulation provides for, or contemplates, the elimination of the district directors and the internal revenue districts. Nothing provides a basis for jurisdiction over Count I of this Second Superseding Indictment. [7]

19. To make the final connection, the President, pursuant to 3 U.S.C. Sec. 301

---

[7] It "is clear that the Secretary of the Treasury has full authority to administer and enforce the Internal Revenue Code, 26 U.S.C. § 7801, and has the power to create an agency to administer and enforce the laws. *See* 26 U.S.C. § 7803(a). Pursuant to this legislative grant of authority, the Secretary of the Treasury created the IRS. 26 C.F.R. § 601.101." Young v. IRS, 596 F. Supp. 141, 147 (1984)(NDIN); see Cameron v. I.R.S., 593 F. Supp. 1540, 1549 (1984)(NDIN) The IRS does not exist without 26 CFR 601.101.

is authorized to appoint the head of the agency to carry out the functions assigned the organization through the Congressional mandates.  For purposes of Count I, the statutes and regulations cited make clear that the actions could only take place within an internal revenue district office, that such a district office does not exist, and that if it did exist, that such an office would be in Kansas City, Missouri, not in the Southern District of Iowa for the time and place applicable to Count I.

20.   Finally, this Honorable Court had originally held that venue was proper in the Southern District of Iowa, in part, because Defendant resided there, and perhaps could have hand-carried a return to an IRS office in the Southern District of Iowa.  Remember, that the filing of a return for the tax year 2002, could only be done in **<u>an internal revenue district</u>**, or even a **local office within an internal revenue district**.  Internal revenue districts and judicial districts are not the same and do not coincide.  *Rush v. United States*, 256 F.2d 862, 864 (10th Cir. 1958).

21.   So, internal revenue districts are required, pursuant to statute, for determining where an income tax return must, by law, be filed.  Internal revenue districts are required, pursuant to statute, for the hand-carrying of income tax returns where an income tax return must, by law, be filed.  Internal revenue districts are required, pursuant to statute, for determining the proper venue of a willful failure to file income tax case required by law to be filed.  The internal revenue laws can only

be administered through internal revenue districts as required by statute. The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by statute. Finally, to make clear that internal revenue districts are critical, case law has stated that internal revenue districts and judicial districts are not the same and do not coincide. Yet, no internal revenue districts existed in 2002.

22.     Also, internal revenue districts are required, pursuant to regulations, for determining where an income tax return must, by law, be filed. Internal revenue districts are required, pursuant to regulations, for the hand-carrying of income tax returns where an income tax return must, by law, be filed. The internal revenue laws can only be administered through internal revenue districts as required by regulation. The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by regulation. Yet, no internal revenue districts existed in 2002.

23.     Defendant has been charged with a crime of failure to perform a mandatory function. As shown here, there is no legally required, legally designated, legally mandated place for carrying out the act that Defendant was alleged to have failed to perform as of April 15, 2003. As such, at the time that the crime was alleged to have occurred, Defendant had no legally mandated place to carry out that

function which is alleged to have been required by law to perform. Further, it is equally clear under *Johnston, Wray* and *Rush*, that venue and jurisdiction, if it exists at all, exists in the Western Judicial District of Missouri and that will raise certain Sixth Amendment challenges in the event that such third superseding indictment evolves or another "indictment" from that venue is issued.

24. Also, remember what was said in paragraph 17 above with respect to 601.101:

> (a) General. The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. **Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue**.

and then consider what 601.107(a) states:

*General.* Each **district** has a Criminal Investigative function whose mission is to encourage and achieve the highest possible degree of voluntary compliance with the internal revenue laws by:... This provision has also remained the same from 2000 through 2009. In other words, the ability to begin a criminal investigation and to make a criminal referral must begin in an internal revenue district.

25. In order to make this point clear, add the word "judicial" to district in the last paragraph concerning 601.107(a) and you have the IRS working in and with a

-10-

judicial district (i.e. the federal judicial court in a particular judicial district) in order to begin a criminal investigation. That would make no sense, and would reflect a conflict between the branches of government.[8] 601.107, being a subset of 601.101, makes clear that this is an internal revenue district.

26. Finally, district director has a specific meaning as shown by 301.7701-10, which means "[t]he term *district director* means the district director of internal revenue for an internal revenue district." There is no doubt by any reading or interpretation of the various provisions listed in the first 25 paragraphs herein, that all functions proceed through a district director in an internal revenue district. There is also no doubt that there are no internal revenue districts or district directors, and have not been since 2000.[9]

27.     Defendant therefore moves for a motion in limine to prohibit the

---

[8]Two recent unpublished opinions make clear that the Courts still refer to internal revenue districts and district directors to perform the functions for the Secretary. In referring to Sec. 601.101, the Court in *Malzkuhn v. R.M. Owns*, case number c:05-00161JF (ND Cal. 3/20/2006) states that "an IRS District Director administers the internal revenue laws with regard to taxpayers in different districts in the United States." In reviewing 601.101 it makes clear that the district director performs that function in the internal revenue districts, not judicial districts. Second, in *Knittel v. IRS*, No. 07-cv-1213 (W.D.Tenn. 7-20-2009), the taxpayer requested a district meeting pursuant to Sec. 601.105. The Court found that this is still the regulatory procedure but that the taxpayer did not have jurisdiction in district court, but should have been in tax court. These two cases make clear that courts still refer to district directors.

[9]As the Court in *Allnut v. C.I.R.*, 523 F.3d 406, fn1 (4th Cir. 2008) stated in relevant part, "The District Director's Office, now defunct, was responsible for administration of all IRS operations within a given tax district."

Government from introducing any evidence with respect to the obligation to make a return and file a return unless and until the Government demonstrates that the Secretary had the authority to begin this criminal action against Defendant in light of the fact that no internal revenue districts have existed throughout the period of time contemplated in this Second Superseding Indictment.

28. Defendant therefore moves for a motion in limine to prohibit the Government from introducing any evidence with respect to the obligation to make a return and file a return unless and until the Government demonstrates that the Secretary had the authority to demand an action by Defendant by lawful statutory mandate to make a return and file said return, at all, without any internal revenue districts in existence since 2000.

29. Defendant therefore moves for a motion in limine to prohibit the Government from introducing any evidence with respect to the obligation to make a return and file a return unless and until the Government demonstrates that the Secretary had the authority to demand an action by Defendant by lawful statutory mandate to make a return and file said return, in the Southern District of Iowa, without any internal revenue districts in existence since 2000.

30. Defendant therefore moves for a motion in limine to prohibit the Government from introducing any evidence with respect to the name of, existence,

functions or activities of the Internal Revenue Service or IRS, unless and until the Government demonstrates that the IRS has any lawful function or authority to operate by statutory mandate or law outside of the District of Columbia without any internal revenue districts in existence since 2000, or that the IRS is an agency authorized to take any actions or to perform any lawful functions, unless and until the Government demonstrates that the IRS has any lawful function or authority to operate by statutory mandate or law outside of the District of Columbia without any internal revenue districts in existence since 2000.

31.   Each of the same points of the law, regulations and issues, apply to each of the remaining counts in the Second Superseding Indictment.  Counts III, V, VII, and IX concern the same willful failure to file issues addressed here in paragraphs 1 through 26, Counts II, IV, VI and VIII concern evasion with an element of failing to file a return and pay taxes.

32.   The obligation to pay a tax, one of the three key elements (substantial tax deficiency) in a tax evasion charge, again, hinges on where the tax is to be paid.  26 U.S.C. Sec. 6151(a) states:

> General rule.  Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined

without regard to any extension of time for filing the return).

33.  Since the location to pay is the same as the location to file, as stated above, and as shown in the Motion to Dismiss (Doc. 73) referred to in paragraph 2 above, there is a venue and jurisdiction problem as to where to pay taxes, or file returns, or pursue collection procedures as outlined in Counts II, IV, VI and VIII. Each of the bases for the Motion in Limine as to the Willful Failure to File counts equally apply to these counts.

34.  Finally, the last count is a Sec. 7212(a) count in that the Defendant allegedly "...corruptly endeavored to intimidate and impede one or more officers and employees of the United States acting in an official capacity under the Internal Revenue Code, and did otherwise endeavor to obstruct and impede the due administration of the Internal Revenue Code, by threatening the officers and employees of the Internal Revenue Service..."

35.  As shown by *Alnutt*, and the numerous statutes and regulations quoted herein, and the case law referring to all of these statutes and regulations, without a district director and an internal revenue district, no such officers or employees of the United States could be acting in an official capacity under the Internal Revenue Code, and Defendant could not impede or obstruct, or attempt to impede or obstruct, any due administration of the Internal Revenue Code.  Without a district director or an

internal revenue district, no such actions could be taken and no such actions could be impeded or obstructed. No due administration could occur, and no such actions could be alleged to take place in a judicial district, rather than an internal revenue district.

36.  As a result, the various bases for the Motion in Limine that were directed at Count I, also apply to Count X. Finally, Defendant also moves for a motion in limine to prohibit the Government from introducing any testimonial or documentary evidence, or any other evidence in this case, which would go to support any of the allegations contained in the Second Superseding Indictment, unless and until the Government demonstrates that the Secretary had the authority to demand any action by Defendant without any internal revenue districts in existence since 2000.

WHEREFORE, Defendant requests the Court issue a Order prohibiting the prosecution from introducing any evidence as described in this Motion, and for the legal reasons given in this motion, or referring to this motion in questions or arguments, based upon the elimination of internal revenue districts and district directors since at least October, 2000, when all tax laws still state that the Secretary or the district director will administer all such laws, as set forth in *Alnutt v. C.I.R.*, 523 F.3d 406 (4th Cir. 2008), and for such other relief as the Court deems appropriate. Dated January 11, 2010.

Respectfully Submitted

Donald Dale Miller, Defendant,

By: /s/ Jerold W. Barringer
Barringer Law Office
200 W. Front St., P.O. Box 213
Nokomis, IL 62075
(217) 563-2646 land line
(217) 710-1836 cell phone
(217) 563-2646 fax
IL Bar # 06185092
jwbarringer@dtnspeed.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Craig Peyton Gaumer by ECF/CM filing this 11th day of January, 2010.

/s/ Jerold W. Barringer