IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-00014 |
| | ) | |
| -vs- | ) | |
| | ) | |
| Donald Dale Miller, | ) | |
| | ) | |
| Defendant, | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT**

Comes Now Defendant, Donald Dale Miller, and for his Reply to the Government's Response to Defendant's Motion to Dismiss the Second Superseding Indictment for Lack of Venue and Jurisdiction, states as follows:

The Government argues that the Court has already ruled on all the issues in this motion previously, by way of the Order dated June 25, 2009 (Doc. 36), and therefore Defendant is not entitled to "another bite of the apple". The Government also argues that neither the facts nor the law has changed, so there is no need to depart from the original order. Finally, the Government argues that two other cases cited on page 2 of its Response unequivocally rejected this same argument. The United States apparently presents questions addressed below:

-1-

QUESTION PRESENTED

1. DOES THE SECRETARY OF THE TREASURY, UNDER EITHER TITLE 26, SECTION 7805 OR SECTION 6091, HAVE CONGRESSIONAL AUTHORITY TO IMPLEMENT SECTION 6091 IN REGARD TO WHERE AN INDIVIDUAL'S INCOME TAX RETURN IS REQUIRED BY LAW TO BE FILED?

2. DOES THE SECRETARY OF THE TREASURY UNDER EITHER TITLE 26, SECTION 7805 OR SECTION 6151, HAVE CONGRESSIONAL AUTHORITY TO IMPLEMENT SECTIONS 6091 AND 6151 IN REGARD TO WHERE AN INDIVIDUAL'S INCOME TAX RETURN IS REQUIRED BY LAW TO BE FILED, OR DELIVERED, AND FOR THE PAYMENT OF ANY TAX PURPORTEDLY THEN OWING BY THE INFORMATION PROVIDED BY SUCH RETURN?

3. IS THERE ANY INTERNAL REVENUE DISTRICT OR DISTRICT DIRECTOR ENCOMPASSING THE STATE OF IOWA DURING THE TIME PERIODS ALLEGED IN THE INDICTMENT ESTABLISHED UNDER TITLE 26, SECTION 7621 FOR ENFORCEMENT OF SECTION 7201, 7203, 6091 AND 6151?

4. DOES EACH INTERNAL REVENUE LAW ALLEGED TO HAVE BEEN VIOLATED IN THE GRAND JURY INDICTMENT BECOME LEGALLY UNENFORCEABLE WITH THE UNDISPUTED FACT THAT THE INTERNAL REVENUE DISTRICT AND DISTRICT DIRECTOR ENCOMPASSING THE STATE OF IOWA HAVE BEEN ABOLISHED BY YEAR 2000 BY THE SECRETARY OF TREASURY?

A. DEFENDANT'S REPLY IN RESPONSE TO UNITED STATES OPPOSITION TO DISMISSAL

   1. THE SECRETARY OF THE TREASURY, UNDER EITHER TITLE 26, SECTION 7805 OR SECTION 6091, HAS NO CONGRESSIONAL AUTHORITY TO IMPLEMENT SECTION 6091 IN REGARD TO

WHERE AN INDIVIDUAL'S INCOME TAX RETURN IS REQUIRED BY LAW TO BE FILED?

Initially, Defendant not only has filed a substantially more detailed, and effectively new motion to dismiss, but the Counts involved, and the allegations of the "lawful functions" of the Internal Revenue Service have now been more fully explored, questioned and challenged in the Motion to Dismiss the Second Superseding Indictment. Further, the issue is not one simply of where the "taxpayer" resides as the basis for determining venue, and the *Barry* case, cited by the Government makes clear the misconception being applied by numerous parties, in numerous cases, on this issue.

In *United States v. Barry*, 2009 U.S. Dist. Lexis 57498 (MD FL June 22, 2009), in post-trial motions, the defendants argued that venue had not been established because the government failed to establish venue by a preponderance of the evidence". The Court noted where the defendant lived, in the Middle District of Tennessee, and therefore venue was proper. However, the Court did not stop with this analysis.

The Court went on to discuss that the defendant argued that there was no internal revenue district or district director in the district where the defendant lived, therefore since the crime was based upon where the return was required to be filed,

no such place was presented to the jury, nor do they exist after the Reform and Restructuring Act of 1998, so the court should grant a judgment of acquittal. The Court described the removal of the district directors, internal revenue districts and directors of the regional service centers of internal revenue districts as a "theory", which the Court ultimately rejected.

With all due respect to that court, the elimination of the internal revenue districts and the district directors is not a theory[1], and the Government in the ongoing *Barry* appeal to the 11th Circuit does not subscribe to the theory that internal revenue districts and district directors still exist. The *Barry* Court addressed some of the other issues which also appear in this case as well.

"An individual such as Mr. Barry is required to file their tax return 'in the **internal revenue district** in which is located the legal residence or principal place of business of the person making the return," 26 U.S.C. Sec. 6091(b)(1)(A)(i), or 'at the service center serving the **internal revenue district**' in which is located the legal residence or principal place of business of the person making the return.' 26 U.S.C. Sec. 6091(b)(1)(A)(ii). Thus, as Mr. Barry recognizes (internal doc. cites omitted), venue is proper in either the **district** of residence or the **district** where the service

---

[1] See *Alnutt v. C.I.R.*, 523 F.3d 406, 414 fn.1 (4th Cir. 2008), "the District Director's Office, now defunct, was responsible for the administration of all IRS operations within a given **tax district**. (Emphasis added).

center is located.  (Emphasis added).

The problem with the *Barry* Court's analysis, and the analysis of the Government in this case ought to now be clear.  The statute defines where the act must occur, and that is in the **internal revenue district** and more importantly, in the hands of the district director.[2]  As far as the beginning and the end of the discussion on the filing location, the above two locations remain the sole statutory language choices to this date.  Congress did not change this law.  The only two places to file a return are at the district director's office (with the district director) in the internal revenue district, or at the regional service center encompassing the internal revenue district, as stated by current statutory law and designated by the Secretary.   Period.[3]

Defendant has also shown, and the Government admits in this case, that there are no internal revenue districts and no regional service centers in internal revenue districts.  The *Barry* Court continued, "[t]he Secretary of Treasury has adopted amended regulations setting forth the place for filing tax returns by individuals."[4]

---

[2] District director is defined at 26 CFR 301.7701-10(2000-2009) by the Secretary as over a internal revenue district.   In the 1939 code, this office was referred to as Collector of Internal Revenue of the Collection District.  See Section 3650(1939).

[3] Congress has never mandated any return be filed within a "judicial district" of the United States but only an internal revenue district.  See section 6091.  See also *Rush v. United States*, 256 F.2d 862 (10th Cir. 1958) ("Internal revenue districts and judicial districts do not coincide.").  Remember, this is still not a discussion of the "judicial district" yet.

[4] The first problem is that 26 CFR 1.6091-2(2005) is not authorized in that it does not comply with the statutory mandates, and therefore appears to be improper, however, if the

This same regulation which was cited by the prosecution in the first motion on the theory that this established venue on all counts says, "shall be filed with any proper person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person".

The problems begin at that point. First, the regulation was written in 2004 and made applicable in 2005. This point is conveniently and repeatedly forgotten by proponents of this regulation. Note that *Alnutt* makes clear that the district directors and internal revenue districts were "defunct", which occurred on or before October 7, 2000. Then note that the regulation attempting to correct this defunct status was

---

Secretary claims that the new locations are really the district director's office and local office of the internal revenue district, then the new regulation also is unenforceable. If the Secretary is claiming that the locations have substantially changed, as a result of the new regulation, then that new regulation is invalid because it was not properly published for public comment or published in the federal register. This regulation is not given any "retroactive" affect. United States v. Irvine 511 U.S. 224, 242 (1994); quoting *Automobile Club of Mich. v. Commissioner*, 353 U.S. 180, 184 (1957) (Treasury Regulations may be retroactively applied unless doing so constitutes an abuse of the Secretary's discretion)

      The Supreme Court directs this Court to recognize that it is not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. § 7805 (a), and regulations promulgated under his authority, if found to "implement the **congressional mandate** in some reasonable manner," must be upheld. *United States v. Correll*, 389 U.S. 299, 307 (1967). See Bingler v. Johnson, 394 U.S. 741, 749-751 (1969); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948). "But that principle is to set the framework for judicial analysis; **it does not displace it.**" *United States v. Cartwright*, 411 U.S. 546, 550 (1973). (Emphasis added).

made applicable no earlier than April 1, 2005. So what happened in the intervening years? Nothing.

2.  THE SECRETARY OF THE TREASURY UNDER EITHER TITLE 26, SECTION 7805 OR SECTION 6151, HAS NO CONGRESSIONAL AUTHORITY TO IMPLEMENT SECTIONS 6091 AND 6151 IN REGARD TO WHERE AN INDIVIDUAL'S INCOME TAX RETURN IS REQUIRED BY LAW TO BE FILED, OR DELIVERED, AND FOR THE PAYMENT OF ANY TAX PURPORTEDLY THEN OWING BY THE INFORMATION PROVIDED BY SUCH RETURN.

At a minimum, everyone should be able to recognize that there was really, legally no statutorily-mandated location for the filing of an individual income tax return during that period (2000 - 2005) including the requirement to pay taxes under sectino 6151. None existed at all. This is not just a venue issue. This is a standing and subject matter jurisdiction issue. It is physically impossible to describe a location that fits within an internal revenue district, since there is no internal revenue district, during these intervening years (2000 - 2005), and the **current** (2009) statute still requires the existence of such internal revenue districts.

Is the Government suggesting that the courts are to fabricate a filing location claiming it fits within an internal revenue district, and, in reality, put that into whatever judicial district the individual may happen to live. That would violate the current statutory mandate that is 26 U.S.C. Sec. 6091(b)(1)(A)(i)&(ii). Courts should not attempt to ignore or make superfluous statutory directives, especially when such

directives have been in place for a number of years. Even long-standing regulations are given such weight. *See Cottage Savings Association v. Commissioner*, 499 U.S. 554, 560-61 (1991).

So the statutory mandate requires the filing of a return at the district director's office in the internal revenue district or at the regional service center in the internal revenue district. There are no other places. How then, did the *Barry* Court and the prosecution here avoid this issue. By referring to the 2005 regulation, and by choosing to change "internal revenue district" to just "district", then meaning the judicial district where the individual lived.

3.     THERE IS NO INTERNAL REVENUE DISTRICT OR DISTRICT DIRECTOR ENCOMPASSING THE STATE OF IOWA DURING THE TIME PERIODS ALLEGED IN THE INDICTMENT ESTABLISHED UNDER TITLE 26, SECTION 7621 FOR ENFORCEMENT OF SECTIONS 7201, 7203, 7212, 6091 AND 6151.

In fact, the allegations in the Second Superseding Indictment attempt to allege from this new regulation this "other proper place" within the judicial district for all the counts of the Second Superseding Indictment. The result is disingenuous. The filing of a 2002 individual income tax return, (Count I); the making and filing an individual income tax return for 2003 and by failing to pay taxes, (Count II); the filing of a 2003 individual income tax return, (Count III); the making and filing an individual income tax return for 2004 and by failing to pay taxes, (Count IV); the

filing of a 2004 individual income tax return, at a minimum, all would have originated during the period when there simply was no place to legally file such a return. The crime is where the act should have taken place, and the act should have taken place at the district director's office, or office of the director of the regional service center, both in the internal revenue district. Those places do not exist.

Yet, the *Barry* Court and the Government in this case failed to acknowledge that this window of time exists when no regulation applied. No regulation with an identifiable location for compliance existed during this period of time, not even the concocted regulation that became effective on April 1, 2005. Nothing is in the statutes or regulations to save these counts.

Instead, the *Barry* Court dropped "internal revenue district" and made it "district" to denote "judicial district" and then found that venue was proper in the middle district of Florida.[5] That same rationale was applied by the prosecution in this case. The allegations of Counts I - V, are during this "dead period" when no regulation provided any existing location for the filing of a return. The statute still specifically mandated the filing of a return in the internal revenue district where the individual lived when no such filing location existed, and that can only result in the

---

[5]Remember what *Rush,* fn. 2 *supra*, stated, "internal revenue districts and judicial districts do not coincide".

dismissal of those charges.[6]

Each time this argument arises, it must be made clear that the statute for the filing of a tax return has not changed. 26 U.S.C. Sec. 6091(b)(1)(A)(i)&(ii) has remained the same for the last 30 years. Also, all functions of enforcement and collection only run through the district director's office in the internal revenue district. *See Alnutt*, supra. Notices of Deficiency at 26 U.S.C. Sec. 6212; Collection of taxes, 26 U.S.C. Sec. 6301; Assessments, 26 U.S.C.[7] Sec. 6201 & 6203; the place for filing of a return, 26 U.S.C. Sec. 6091; the place to pay taxes, all are tied to a district director in the internal revenue district by specific regulations. There is simply no doubt about what the statutes specifically state.

4. EACH INTERNAL REVENUE LAW ALLEGED VIOLATED IN THE GRAND JURY INDICTMENT BECAME LEGALLY UNENFORCEABLE WITH THE UNDISPUTED FACT THAT THE INTERNAL REVENUE DISTRICT AND DISTRICT DIRECTOR ENCOMPASSING THE STATE OF IOWA HAVE BEEN ABOLISHED BY YEAR 2000 BY THE SECRETARY OF TREASURY.

The ability to demand anything from a taxpayer simply does not exist during that relevant period of time. Hence, not only is there no venue, there is no subject

---

[6] Look at the details of *Alnutt v. C.I.R.*, 523 F.3d 406 (4th Cir. 2008) to see the lengths Alnutt went through in an attempt to file the return in the district director's office, and still got it wrong. This is a specific process that must be meticulously complied with according to *Alnutt*.

[7] See 26 CFR Section 301.6201, 301.6301, 301.6212, 301.7701-10 all present from 2000-2009 and all naming "district director."

f

matter jurisdiction, and no standing for the United States to bring the charges listed in Counts I - V, because it is impossible to provide a place under the statutes and regulations in effect at the time of those counts, for the filing of a tax return or the payment of taxes.

What has occurred, is that the government has relied upon judicial districts as the cover to distract anyone who has questioned this issue.  Look at how the matter is framed.  A 2005 regulation is cited with no application date, the statute is referred to, then it is stated that the case is appropriate in the Southern District of Iowa simply because the defendant lives there.  That is not what 26 U.S.C. Sec. 6091 meant.

It means that a person is only legally required to file a return with the district director in the internal revenue district that encompasses where he lives, or with the service center in the internal revenue district where he lives, or at the local office in the internal revenue district where he lives, and if he fails to do that, then venue would lie where the return was required to be filed at the specific locations or offices listed in the statute. *See Johnston v. U.S.*, 351 U.S. 215, 76 S.Ct. 739 (1956).  Under this reasoning and rationale, *Barry* missed the entire point of the statutes, and *Dirr* did not truly reach the merits of this issue at all.

Once it is determined where the return was to be filed, and determine what internal revenue district that was located in, then the Court and the parties could look

to see how that fit with where the individual resided, or where his place of business was located. In other words, first you figure out where the return was required to be filed (internal revenue district)(district director), and then locate the judicial district that encompasses that location. (venue issue) But, and this is important, the Court and the parties cannot start with where the individual lives, since that alone does not define where the return had to be made, and that statute, 26 U.S.C. Sec. 6091(b)(1)(A)(i)&(ii) has remained constant and states where a return is required to be filed; this is the filing and the location (with the district director in the internal revenue district) that is required by law.[8]

Eliminate the district directors and internal revenue districts and there are no places listed in the statutes, or regulations when applicable, for the filing of a return and paying of a tax. As such, those counts (I - V) must fail. This is why this issue is effectively new, and provides a proper basis for the court to review the issue at this time.

It is also interesting to note that the 2005 regulation is described as not

---

[8] Again *see Alnutt* where the individual attempted to file a return with the district director and because that process was not meticulously followed, his returns were not considered "filed" and the Secretary was able to assess him for deficiencies more than 3 years after Alnutt believed the returns filed.

substantially affecting the old structure.[9] Under that rationale, then the phrase "with the proper person" could then only still refer to district director, and "other proper place" could only mean internal revenue districts. No other reading of the statutes and regulations can be said to truly make any sense, and the reason is that the current 2005 regulation does not give a location or a person as the person and place where a return must be filed. To say, authorized personnel in a proper office is to effectively say nothing of substance. However, if it is a substantive change, then the regulation violates the procedures necessary to properly notify the public and publish the regulation in a federal register.

One other case has been cited by various courts in an attempt to disparage the argument. The Seventh Circuit in *United States v. Gorman*, 393 F.2d 209, 213-214 (7th Cir. 1968), argued that there were no internal revenue districts as a result of the elimination of the 1939 act when the 1954 act was enacted. Gorman, however, failed to follow the statutory trail from 26 U.S.C. Sec. 7621 to 26 U.S.C. Sec. 7851(b) which stated that the effect of the repeal of the 1939 Code did not abolish, terminate or otherwise change any internal revenue district. So correctly, he lost on that issue.

---

[9]Defendant addressed in the motion to dismiss the second superseding indictment, the reason why the 2005 amendment cannot alter the language of the statutes and remaining regulations, and why a return must still be filed with a district director in an internal revenue district. Since no such place exists, Counts VI - IX also must fail.

*Gorman* does again describe that individuals are required to file individual income tax returns in the internal revenue district of their legal residence or place of business. *Id*. *Gorman* went on to describe that there were two internal revenue districts created under the 1939 Act, (11 F.R. 177A, p.28), one of which was where Chicago and Oak Park (residence and place of business of Gorman) were located, and that those locations were then in the Northern Judicial District of Illinois, giving that Court venue and subject matter jurisdiction to hear the case. The Court went on to state that "[t]o hold otherwise would mean that no one could be prosecuted for failure to file tax returns anywhere in the United States. Congress intended no such ludicrous result". *Id*.

Here, however, Congress did not intend for the Secretary to abolish the internal revenue districts, the district directors, or the directors of the regional service centers over the internal revenue districts. The Secretary simply chose to implement this result, perhaps not understanding what that meant for purposes of standing, subject matter jurisdiction and venue. The disparaging remarks should have been addressed to the decision-makers who eliminated the sole statutory - boundary mechanism for the Secretary to administer and enforce the internal revenue laws in the states. That such a result occurred is beyond doubt. See 26 CFR 601.101 creating IRS by regulation.

Finally, at the time of the filing of the first motion to dismiss, the government had not yet received the document that became Count X. Under those circumstances, it is clear and appropriate for the Court to consider all these issues again with respect to the standing, subject matter and venue in this case.

With respect to all these counts, and how those counts should be prosecuted, it must be remembered that Congress was not referring to judicial district when referencing to any of the proper places for the performance of the functions of the district director. The Secretary of the Treasury has established "district offices, each with an audit division and a criminal division". *Donaldson v. U.S.*, 400 U.S. 517, 534 (1971); see also 26 CFR Sec. 601.107 (2000-2009). Within an internal revenue district, the internal revenue laws are administered by a district director of internal revenue. 26 CFR Sec. 601.101 (2000-2009). The position of district director and internal revenue districts is a creation at 26 U.S.C. Sec. 7621, 26 CFR Sec. 7621-1 (2000-2009) and 26 CFR Sec. 301.7701-10 (2000-2009). This is why there is a significant question as to the ability of the United States (or the Secretary) to bring this criminal action. If there is no internal revenue district or district office, each of which has an audit division and criminal division, then how can this action even be instituted.

4 U.S.C. Sec. 72 allows the federal government to exercise power outside of

the District of Columbia, but only with an express mandate of Congress. *Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992). "This section does not foreclose the exercise of authority by the IRS outside of the District of Columbia. The President is authorized to establish internal revenue districts for the purpose of administering the internal revenue laws, and these districts can be created outside of Washington, D.C." *Id.*

Everything, every power exercisable by the Secretary outside of the District of Columbia must be exercised through a district director in an internal revenue district. Without the internal revenue district and the district director no power can be exercised. All ten counts must fail.

As to all the other issues and matters referred to in this case, Defendant adopts and restates what was submitted in the Motion to Dismiss the Second Superseding Indictment, the Motion for Bill of Particulars and the Motion in Limine. Defendant would also indicate a willingness to address these matters in oral arguments in the Court believes such will assist on these issues.

**Conclusion**

Defendant restates the issues in the Motion to Dismiss the Second Superseding Indictment, addressing the Four Questions raised by the Government's Response in Opposition, and the Motions for Bill of Particulars and in Limine, on these matters.

With no internal revenue districts, the Secretary of the Treasury and Commissioner of Internal Revenue are unable to perform any function outside of the District of Columbia as shown by 26 CFR 601.101 including enforcement. Since all allegations in the Indictment refer **only to** the Southern District of Iowa, all ten counts of the Second Superseding Indictment must be dismissed for all the reasons stated herein. Dated January 15, 2010. The office to which the Secretary functions outside the District of Columbia must be established by law and that Congress has not done except for internal revenue district and district director and those are undisputably abolished during all relevant time periods of the indictment.

        Respectfully Submitted

        Donald Dale Miller, Defendant,

By:   /s/ Jerold W. Barringer
       Barringer Law Office
       200 W. Frront St., P.O. Box 213
       Nokomis, IL 62075
       (217) 563-2646 land line
       (217) 710-1836 cell phone
       (217) 563-2646 fax
       IL Bar # 06185092
       jwbarringer@dtnspeed.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Craig Peyton Gaumer by ECF/CM filing this 15th day of January, 2010.

/s/ Jerold W. Barringer