IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD DALE MILLER,<br><br>Defendant. | No. 3:09-CR-00014-JAJ<br><br>**ORDER** |

This matter comes before the court pursuant to Defendant Donald Dale Miller's ("Miller") December 23, 2009 Motion to Dismiss Second Superseding Indictment [Dkt. 73]. The government filed a Response in Opposition/Resistance on January 11, 2010 [Dkt. 74]. Miller filed a Reply to Response on January 15, 2010 [Dkt. 79]. Also pending before the court is a related Motion in Limine filed by Miller on January 11, 2010 [Dkt. 76].

For the following reasons, Miller's motions are both denied.

## I. PROCEDURAL BACKGROUND

On February 10, 2009, a grand jury indicted Miller on five counts for Failure to File Federal Income Tax Returns in violation of 26 U.S.C. § 7203, encompassing the years 2002-2006 [Dkt. 1]. On June 2, 2009, Miller filed a Motion to Dismiss Indictment Pursuant to Lack of Venue [Dkt. 24], arguing that because "internal revenue districts" were eliminated, there was "no venue". This court denied Miller's motion on June 25, 2009, specifically finding that venue is appropriate in the Southern District of Iowa where Miller did not contest he was a resident at the time of the crimes alleged in the indictment [Dkt. 36].

On September 10, 2009, the government filed a superseding indictment adding four additional counts for Tax Evasion in violation of 26 U.S.C. § 7201, and one count for

Attempt to Interfere with the Administration of Internal Revenue Laws in violation of 26 U.S.C. § 7212(a) [Dkt. 48]. On November 18, 2009, the government filed a second superseding indictment containing the same counts [Dkt. 63].

In the motion to dismiss now pending before the court, Miller again argues a lack of venue, making the same argument as in his initial Motion to Dismiss Indictment Pursuant to Lack of Venue [Dkt. 24]. His argument is a little more detailed, and he adds that, based on the same considerations, (i) this court lacks subject matter jurisdiction, and (ii) the IRS had no authority to make a criminal referral to the Department of Justice. In his Motion in Limine, he argues that because there were no internal revenue districts at the time of the alleged failure to file tax returns, the government should be prohibited at trial from introducing (i) any evidence regarding the obligation to file a tax return, until the government demonstrates that the Secretary of the Treasury had the authority to require him to file a tax return, and (ii) any evidence with respect to the name, existence, function, or activities of the IRS, until the government demonstrates that the IRS has any authority to operate outside the District of Columbia [Dkt. 76].

## II. ANALYSIS

In a criminal case, the government bears the burden of proving proper venue by a preponderance of the evidence. United States v. Jaber, 509 F.3d 463, 465 (8th Cir. 2007). Venue for a criminal case properly lies in the judicial district in which the offense occurred. Fed. R. Crim. P. 18; United States v. Marchant, 774 F.2d 888, 891 (8th Cir. 1985), cert. denied, 475 U.S. 1012, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986).

The court already ruled that venue was proper with respect to Counts 1, 3, 5, 7, and 9 in its order dated June 25, 2009 [Dkt. 36].[1]

Counts 2, 4, 6, and 8 allege violations of 26 U.S.C. § 7201. "In a case brought under 26 U.S.C. § 7201, venue is proper where a false withholding statement is prepared

---

[1] The Counts at that time were denominated 1, 2, 3, 4, and 5.

and signed, where it is received and filed, or where an attempt to evade otherwise occurred." United States v. Felak, 831 F.2d 794, 799 (8th Cir. 1987) (citing Marchant, 774 F.2d at 891). Here the indictment alleged that Miller was a resident of Wayland, Iowa, within the Southern District of Iowa, and that his attempts to evade taxation occurred in the Southern District of Iowa. Therefore, venue is proper in this court with respect to Counts 2, 4, 6, and 8.

In Count 10, Miller is alleged to have attempted to interfere with the administration of Internal Revenue laws. Venue is also proper with respect to Count 10, as the indictment alleges that these acts took place "in the Southern District of Iowa".

Miller's argument to the contrary is unavailing. He does not contest that the indictment alleges that the offenses took place within this judicial district. Rather, he argues that the bureaucratic re-organization ordered by the IRS Restructuring and Reform Act of 1998, Pub.L. No. 105-206, § 1001, 112 Stat. 685 (1998), insofar as it eliminated "internal revenue districts", made it impossible to determine where the violations of §§ 7201, 7203 and 7212 took place, and thus all counts should be dismissed for improper venue.

This argument was rejected in the court's June 25, 2009 order denying Miller's first motion to dismiss for lack of venue [Dkt. 36]. Moreover, other courts to have addressed this exact argument have rejected it. See United States v. Dirr, Slip Copy, 2009 WL 2986706 (E.D. Tenn. September 10, 2009); United States v. Barry, Slip Copy, 2009 WL 1767581 (M.D. Fla. June 22, 2009). Also, it is clear that Miller could have filed his return at either of the IRS local offices in Des Moines or Davenport. See 26 CFR 1.6091-2(a)(2005). Furthermore, contrary to Miller's suggestions, "[t]he bureaucratic restructuring of the Internal Revenue Service authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes." Barry,

2009 WL 1767581 at *2 (citing 26 U.S.C. § 6012(a) (2002)).  Finally, no statute, regulation, or case that Miller cites stands for the broad proposition that he advocates – that internal revenue districts are required to determine where an income tax return must be filed.  Thus, venue is proper in the Southern District of Iowa.  Indeed, "[t]o hold otherwise would mean that no one could be prosecuted for failure to file tax returns anywhere in the United States."  United States v. Gorman, 393 F.2d 209, 214 (7th Cir. 1968).  In restructuring the IRS, as with prior restructuring, "Congress intended no such ludicrous result."  Id.

    Miller provides no authority for his assertions concerning the IRS referral to DOJ and subject matter jurisdiction.  His arguments in this regard are without merit.

    Miller's Motion to Dismiss Second Superseding Indictment [Dkt. 73] and Motion in Limine [Dkt. 76] are both denied.

    **IT IS SO ORDERED.**

    **DATED** this 27th day of January, 2010.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA